| 88 | 199 |
|131 | 244 |
| 88 | 199 |
|162 | 286 |

SAMUEL COBB

*v.*

WILLIAM. B. SMITH.

1. HOMESTEAD—*defect in release obviated by abandonment.* Where a mortgagor abandons his homestead, it is immaterial whether he knew or was ignorant of the fact that the mortgage contained a clause releasing it at the time he executed the same, or whether his wife signed or acknowledged the same; the mortgage will thereby be rendered operative as to the homestead.*

2. SAME—*abandonment.* Where, after the execution of a mortgage on premises occupied as a homestead, the mortgagor removes to another county with his family, taking his household goods, or most of them, and votes in such

---

*See, also, *Hall et al.* v. *Fullerton,* 69 Ill. 448; *Hartwell et al.* v. *McDonald,* id. 293; *Hewitt* v. *Templeton,* 48 id. 367; *McDonald* v. *Crandall,* 43 id. 231.

other county, and the proof shows no intention of his ever returning, this will be sufficient evidence of an abandonment of the homestead.*

3. RESIDENCE—*intention important.* The intention of a party enters into and forms an important element in fixing and determining his residence.

WRIT OF ERROR to the Circuit Court of Morgan county; the Hon. CYRUS EPLER, Judge, presiding.

Messrs. MORRISON, WHITLOCK & LIPPINCOTT, for the plaintiff in error.

Mr. J. T. SPRINGER, for the defendant in error.

Mr. JUSTICE WALKER delivered the opinion of the Court:

It is admitted that plaintiff in error received the money for which the mortgage was given. It is also conceded that he executed it on his homestead. But, it is urged that he was illiterate and unable to read, and it was not explained to him before he executed it, and that he was not informed that it released the homestead. There is evidence in the record that the note and mortgage were read to him, but whether they were or not, we still must believe he was informed of the contents of the instruments. His brother-in-law, Dawson, was present and signed the name of plaintiff in error to them, at his request. It may be possible, but we regard it improbable, that Dawson would have done so without knowing the purport of the instruments, and if not according to agreement, he would surely have apprised plaintiff in error of the fact. It is true, plaintiff denies that he knew. If so, his conduct was unaccountably strange. And it is more astonishing that he and the daughter of Mrs. Cobb would, without her knowledge or

*Where premises are destroyed by fire, whether there is an abandonment. *Howard* v. *Logan,* 81 Ill. 383. In cases of voluntary removal, whether the homestead is abandoned, see *Potts* v. *Davenport,* 79 Ill. 455; *Fisher* v. *Cornell,* 70 id. 216. By sale and placing the purchaser in possession. *McDonald* v. *Crandall,* 83 id. 237; *Shepard* v. *Brewer,* 65 id. 383; *Brown* v. *Coon,* 36 id. 243. By surrender of possession to mortgagee. *Burson* v. *Dow,* id. 146.

consent, place her name to the mortgage. Nor is there any explanation showing the act was not criminal, and did not render them liable to a criminal prosecution; and the defense is interposed and attempted to be proved by the parties who claim to have done the act. And it is claimed, too, that the notary public committed a crime in certifying Mrs. Cobb's acknowledgment, when he never saw her and she did not acknowledge the instrument.

But, from the evidence in the case, it does not matter whether Mrs. Cobb signed or acknowledged the mortgage, or whether these acts were without her knowledge, as it appears from the evidence that the homestead was abandoned. Plaintiff in error had removed to and was residing in another county at the time he testified. He had voted there, but this important fact is omitted from the abstract. He testified, that he could not say he was permanently settled in Mason county; that he might find a place to do better, or might return to Jacksonville. This is omitted from the abstract. He no where says he intended or even expected to return. Any other person having no intention to change his residence, and considering it permanently fixed, might testify to the same facts truthfully. This evidence falls far short of proving he then or ever had any intention of returning to his former home. On the contrary, he is there with his wife and his household goods, or at least a portion of them. It is true, he says he left a part, but whether much or little, he fails to state, and, as he does not, we presume the amount is trifling. Again, he testifies that he voted in Mason county; he must have known that it would be illegal to vote there unless it was his residence. We will not presume he would deliberately render himself liable to a prosecution for illegal voting. If he voted there when not lawfully qualified, he rendered himself liable to a fine of not exceeding $1000, or imprisonment in the county jail not exceeding one year, or both. We can not believe that any reasonable person would incur such risks, simply to vote at an election. But the presumption is almost

irresistible, plaintiff in error considered Mason City his residence when he voted; and intention entering into and forming a large element in fixing a person's residence, this act is almost conclusive in characterizing the intent and the residence. Nor is there any evidence tending to overcome this strong and almost irresistible conclusion. This case falls within the rule, and is governed by the cases of *Cabeen* v. *Mulligan,* 37 Ill. 230, *Titman* v. *Moore,* 43 Ill. 169, and *Fergus* v. *Woodworth,* 44 Ill. 374. In fact, there is less ground for holding there was no abandonment in this case than in those. We entertain no doubt that plaintiff in error abandoned the mortgaged premises as a homestead, and is precluded from asserting the right against this mortgage or a sale under it.

The homestead having been abandoned, it is immaterial whether plaintiff in error knew the fact that the mortgage contained a clause releasing it at the time of its execution, or whether his wife signed or acknowledged the mortgage. Nor is the question necessary to be decided, whether, if Mrs. Cobb did acknowledge it, the failure of the officer to certify that she was personally known to him, bars her right to claim dower in the premises, as that question is not now before us.

Perceiving no error in the record, the decree of the court below is affirmed.

*Decree affirmed.*