AUGUST IMHOFF

*v.*

AARON LIPE.

*Filed at Mt. Vernon June 12, 1896.*

1. HOMESTEAD—*how judgment debtor may avail himself of his right.* A judgment debtor need not perform any act, or even manifest an intention, in order to avail himself of the benefits of his homestead exemption, and if sale of his homestead is made on execution, he may, by bill or otherwise, assert his right.

2. SAME—*claimant of, may assert his rights by motion.* A claimant's right to a homestead may be asserted after levy by motion to stay the execution as to the homestead; and on the hearing of such motion, submission of the question to a jury, on oral evidence, whether there has been an abandonment of the homestead, will be sustained on appeal, where no exception questions the practice.

3. SAME—*may be abandoned, but not waived, except in statutory way.*
The estate of homestead may be abandoned, but can be waived
only in the manner prescribed by statute.

4. SAME—*sale of homestead on execution does not affect owner's title.*
One entitled to a homestead need not object to the levy of an exe-
cution upon it, as a sale and conveyance under the execution would
be without legal authority, and would not affect the owner's title.

5. SAME—*effect of leaving without fixed intention to reside elsewhere.*
Removal by the owner from a homestead not worth over $1000 above
incumbrances, with only a conditional intention of acquiring a
residence elsewhere, is not an abandonment, so long as the intention
remains conditional, although the claimant votes at his new place
of abode.   (*Cobb* v. *Smith,* 88 Ill. 199, distinguished.)·

APPEAL from the Circuit Court of Jackson county; the
Hon. JOSEPH P. ROBARTS, Judge, presiding.

R. J. McELVAIN, for appellant:

A man cannot vote in a voting precinct unless he has
a permanent abode or residence.   Starr & Curtis' Stat.
chap. 46, sec. 68.

The act of voting establishes, so far as intention is
concerned, a residence and abode.   The presumption is
that when Lipe voted in Murphysboro he considered that
his residence, and this act is almost conclusive in char-
acterizing the intent and the residence.   *Cobb* v. *Smith,* 88
Ill. 199; *Cabeeh* v. *Mulligan,* 37 id. 230; *Titman* v. *Moore,* 43
id. 169; *Fergus* v. *Woodworth,* 44 id. 374.

Both the homestead right and the right to vote depend
on residence.   *Wilkins* v. *Marshall,* 80 Ill. 77.

J. M. HERBERT, for appellee:

This court, in passing on the homestead statute, has
uniformly held that it is not a narrow but a broad statute,
founded in equity and justice.   *Stevens* v. *Hollingsworth,* 74
Ill. 202; *Hubbell* v. *Canady,* 58 id. 425.

Great stress is laid in appellant's brief on the fact that
appellee moved back after execution was issued.   This
fallacious argument is completely annihilated by the
decision of this court in *Potts* v. *Davenport,* 79 Ill. 455.

. The exercise of the franchise is not absolute evidence of abandonment.  *Hayes* v. *Hayes,* 74 Ill. 312.

Renting the farm did not constitute an abandonment, as will be seen by a reference to *Wiggins* v. *Chance,* 54 Ill. 175, and *White* v. *Plummer,* 96 id. 394.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

Appellant recovered a judgment against appellee, on which an execution issued and was placed in the hands of the sheriff, who levied the same on certain lands of the execution debtor. Notice was given by appellee that application would be made to one of the circuit judges of the first circuit to stay the execution as to the lands levied upon, as the same were claimed as a homestead. An order was entered staying the execution until the next term of the circuit court of Jackson county, and at the succeeding term a jury was empaneled and oral evidence heard, and a verdict returned finding the appellee had a homestead in the land levied on, at the time of the levy. A motion for a new trial was entered and overruled. Judgment was rendered that the execution be staid as to the homestead estate in the premises levied upon, and that appellant should pay the costs. From that judgment this appeal is prosecuted.

In this State the law exempts the homestead from sale under execution. The debtor is required to perform no act, to discharge no duty or manifest an intention to avail himself of its benefits. Where a sale is made of a homestead under execution, the debtor may, by original bill or otherwise, assert his right of homestead. *Moore* v. *Titman,* 33 Ill. 358; *Mooers* v. *Dixon,* 35 id. 208; *Green* v. *Marks,* 25 id. 221; *Pardee* v. *Lindley,* 31 id. 174; *Hubbell* v. *Canady,* 58 id. 425.

As a general rule, the estate of homestead can be waived only in the manner prescribed by the statute. It may be abandoned. If the officer having an execution

against a debtor sees proper to levy upon a homestead, a claimant need not object. He need not claim it. The sale would be without legal authority. The officer may make a deed to the purchaser, and all these proceedings would have no effect on the title to the homestead beyond that of casting a cloud over it. *Hoskins* v. *City of Litchfield,* 31 Ill. 137; *Wiggins* v. *Chance,* 54 id. 175.

Where it is proposed to levy upon real estate, those interested in making the levy must determine whether the property is exempt as a homestead, and in determining this question, as is said in Freeman on Executions, (sec. 241,) they must make some, and perhaps all, of the following inquiries: "First, is the defendant a person on whose behalf or on behalf of whose family a homestead exemption can be acquired; second, have the measures necessary for acquiring such exemption been taken with reference to the real estate on which the levy is to be made; third, is the defendant's title or estate such as can be held as a homestead under the statute; fourth, is the use to which the property is put such as wholly or partially destroys its character as a homestead; fifth, does the property exceed in area or value the limit prescribed by statute; sixth, is the parcel upon which the levy is desired so distinct or distant from the family residence that it cannot, in law, be deemed a part of the homestead; seventh, has there been any abandonment of the homestead rights; eighth, conceding that the valid homestead claim exists, is the liability upon which the writ issued one against which this claim can be asserted." And this must be done without waiting for any claim on the part of the defendant.

No question is raised as to the manner of trial or the practice adopted to determine this motion. The judge, in his discretion, heard oral evidence and submitted the question of fact to the jury, instead of pursuing the usual practice of using affidavits. No exception raises the correctness of the practice adopted, and we refrain from a

discussion of that question, but consider the record on the exceptions alone.

The question on this hearing was as to whether the homestead had been abandoned. An examination of the evidence in this record does not show an intention to abandon the homestead on the part of the debtor. He had lived on the homestead for twenty years, was the head of a family, and the land was subject to incumbrances, and was not worth to exceed $1000 over and above the incumbrances. He left the farm and removed to Murphysboro in 1894 and opened a saloon, renting the farm to his son. He left some live stock, small grain and agricultural implements at the farm. He says his "intention was to make some money; never intended to abandon the farm; after I found I could make no money here I moved back to the farm." Whilst in Murphysboro he voted, and his declarations, proved by several witnesses, were to the effect he was getting too old to work and never expected to go back to the farm. The question as tried before the jury was one of fact. The principle is, where a person leaves his residence with only a conditional intention of acquiring a residence elsewhere, he does not lose his residence so long as his intention remains conditional. The intention is material. *Potts* v. *Davenport,* 79 Ill. 455; *Wilkins* v. *Marshall,* 80 id. 74; *Hayes* v. *Hayes,* 74 id. 312; *Smith* v. *People,* 44 id. 16; *City of Beardstown* v. *City of Virginia,* 81 id. 541.

In *O'Hair* v. *Wilson,* 124 Ill. 351, where one voted without right in another State, it was held he did not lose his residence and right to vote here.

*Cobb* v. *Smith,* 88 Ill. 199, as to the abandonment of homestead, is not an authority in conflict with the case of *O'Hair* v. *Wilson.* In the *Cobb* case the appellee voted in the county to which he had removed. The question being whether there was an abandonment of the homestead, it was held that the fact of his having voted was evidence of an intention and purpose to change his resi-

dence, but it is further said (p. 201): "He testified that he could not say he was permanently settled in Mason county; that he might find a place to do better, or might return to Jacksonville.  He nowhere says he intended or even expected to return.  *  *  *  This evidence falls far short of proving he then or ever had any intention of returning to his former home."

The evidence in this record was sufficient to authorize a finding that there was no intention to abandon the homestead and sustains the verdict.  On a careful examination we find no error in the record.  The instructions are in accordance with what is herein declared.

The judgment of the circuit court of Jackson county is affirmed.                                   *Judgment affirmed.*