F. M. PALMER

*v.*

NEHEMIAH RIDDLE *et al.*

*Opinion filed June 19, 1902.*

1. HOMESTEAD—*homestead not lost while intention to acquire new residence is conditional.* If a person leaves his homestead with only a conditional intention of acquiring a residence elsewhere, he does not lose his homestead so long as his intention remains conditional.

2. SAME—*when recovery in excess of homestead cannot be had in ejectment.* A sale *en masse*, on execution, of homestead premises, is void at law if the homestead is not properly set off, and the purchaser at such sale cannot recover in ejectment the portion of the premises sold which is in excess of the value of the homestead estate; and this is true although the entire tract contains eighty acres and the improvements are all upon one forty.

WRIT OF ERROR to the Circuit Court of DeWitt county; the Hon. W. G. COCHRAN, Judge, presiding.

CHARLES R. ADAIR, and TIPTON & TIPTON, for plaintiff in error.

WARNER & LEMON, for defendants in error.

Mr. JUSTICE HAND delivered the opinion of the court:

This is an action of ejectment brought by the plaintiff in error against the defendants in error, in the circuit court of DeWitt county, to recover the possession of a tract of land located in said county, described as eighty acres off the south side of the south-west quarter of section 6, township 20, north, range 2, east of the third principal meridian. The declaration, as amended, contains six counts. In the first count the plaintiff in error claims title in fee, and in the remaining five an estate for the life of Marietta Brown. The fifth count charges the unlawful withholding of the east half, and the sixth, the unlawful withholding of the west half of said premises. The general issue was filed and a trial was had before the court and a jury, which resulted in a verdict and

judgment in favor of the defendants in error, and a writ of error has been sued out from this court to review said judgment.

This case was before this court at a former term and is reported in 180 Ill. 461. The title of plaintiff in error is fully stated in that case, and the same evidence is in the present record, except plaintiff in error offered no evidence of the tax title under which, on the former trial, he claimed title in fee to the premises. His claim of title is under the deeds from the sheriff set forth in the opinion of the court, and it is stipulated in the record, as before, that Mrs. Brown was vested with a life estate in the premises and the remainder limited by deed to the heirs of her body.

The defendant Marietta Brown claimed the land in question as a homestead. The testimony showed that Mrs. Brown and her family occupied this land as a home from 1871 to 1881, when she rented the farm and with her family moved to Wapella, where they lived until 1888, when they returned to the farm, where they made their home until 1895; that in February of that year she rented the farm for three years to her co-defendant, Riddle, with a verbal understanding that he would surrender the premises should she desire to return to Illinois before the expiration of the lease, which lease was afterwards renewed, and with her family she moved to the State of Iowa, where they resided until 1899, without acquiring a permanent home elsewhere, when they returned to the farm, where they now reside. At the time of their removal to Iowa, Miles B. Brown, the husband of Marietta Brown, was in poor health, having been an invalid since his return from the army, where he served during the war of the rebellion. They had a son residing in Iowa, and the evidence tended to show that when Mrs. Brown rented the farm in the spring of 1895 and with her family moved to the State of Iowa, she went there mainly with a view to improve, if possible, her husband's health by

a change of climate, with the expectation and under-
standing that if he was not benefited by the change she
would return to Illinois and again occupy her homestead.
Mrs. Brown testified that she refused to rent the farm
for a period of five years to Mr. Riddle, prior to her de-
parture for Iowa, and that as the reason for such refusal
she stated to him, "I might come back in that time."
Riddle testified that at the time the lease was drawn
Mrs. Brown said she would not let him have the place
for a longer period of time than three years, "on account
she might want to come back; did not know when she
might want to come back; she said she wanted to go to
Iowa for the old man's health and to get more land for
the boys." Norval, the scrivener who prepared the lease,
testified that Mrs. Brown refused to lease the property
for longer than three years, "for she might want to come
back before five years." Mrs. Burwell, a neighbor of the
Browns, testified that Mrs. Brown said "they were go-
ing for Mr. Brown's health; that if his health improved
they might rent the farm right along; if it did not, they
would come back." John S. Brown, a son, testified that
his mother said if his father's health got better "they
would stay in Iowa; if it did not, they would return."

It is well settled that where a person leaves his resi-
dence with only a conditional intention of acquiring a
residence elsewhere he does not lose his residence so
long as his intention remains conditional. (*Potts* v. *Daven-
port*, 79 Ill. 455; *Wilkins* v. *Marshall*, 80 id. 74; *Hayes* v.
*Hayes*, 74 id. 312; *Smith* v. *People*, 44 id. 16; *City of Beards-
town* v. *City of Virginia*, 81 id. 541; *Imhoff* v. *Lipe*, 162 id.
282.) We think the evidence in this record amply suffi-
cient to authorize a finding that there was no intention
to abandon the homestead, and sustains the verdict.

The improvements are located upon the west forty of
said eighty, and it is stipulated that said land is worth
$80 per acre. It is urged by the plaintiff in error that if
he is not entitled to recover the possession of the entire

eighty he is at least entitled to recover the east forty, as the homestead of Mrs. Brown should be confined to the forty acres upon which the buildings and other improvements are located, as it appears from the evidence that that forty is worth more than $1000. The sale was made *en masse.* A sale, on execution, of homestead premises is void at law if the homestead is not properly set off according to the statute, and in an action of ejectment a recovery cannot be had of the portion of the premises sold which is in excess of the homestead. *Hartwell* v. *McDonald,* 69 Ill. 293; *Stevens* v. *Hollingsworth,* 74 id. 202; *Nichols, Shepard & Co.* v. *Spremont,* 111 id. 631; *Conklin* v. *Foster,* 57 id. 104; *Barrett* v. *Wilson,* 102 id. 302.

The jury were fairly instructed as to the law of the case.

We find no reversible error in this record. The judgment of the circuit court will therefore be affirmed.

*Judgment affirmed.*