ALICE KLOSOWSKI, Appellee, *vs.* FRANK KLOSOWSKI, Appellant.

*Opinion filed December 16, 1914—Rehearing denied Feb. 4, 1915.*

1. HOMESTEAD—*statutory provision for homestead.* Under the statute every householder having a family is entitled to an estate of homestead to the extent, in value, of $1000 in the farm, lot or land, and buildings thereon, owned or rightfully possessed, by lease or otherwise, and occupied by him or her as a residence.

2. SAME—*when separate maintenance decree does not deprive defendant of homestead estate.* Where the defendant continues to reside upon the homestead premises owned by him after a separate maintenance decree, which gives the wife a monthly allowance for the support of herself and minor child, the defendant is still the head of a family notwithstanding the wife and child are living apart from him, and he is entitled to an estate of homestead in the premises. (*Vanzant* v. *Vanzant,* 23 Ill. 536, and *Bonnell* v. *Smith,* 53 id. 375, distinguished.)

3. SAME—*sale of homestead premises without setting off homestead is void.* An execution sale of homestead premises to satisfy a lien for unpaid alimony due under a decree for separate maintenance, without any attempt to set off the defendant's estate of homestead, is void, as a decree for an allowance of money for separate maintenance is not different from any other decree for the payment of money.

4. SAME—*when defendant is not required to pay amount due as a condition to protecting homestead estate.* Upon application for a writ of assistance by the purchaser at an execution sale of homestead premises, sold to satisfy a lien for unpaid alimony due under a separate maintenance decree, the defendant is not required to pay the amount of alimony due before he is entitled to defend the application upon the ground that the sale was void because his homestead estate was not set off.

APPEAL from the Circuit Court of Cook county; the Hon. JESSE A. BALDWIN, Judge, presiding.

AMBROSE A. WORSLEY, for appellant.

WILLIAM T. NELSON, (GUERIN & BARRETT, of counsel,) for appellee.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

On April 6, 1911, the appellee, Alice Klosowski, filed in the circuit court of Cook county her bill for separate maintenance against her husband, the appellant, Frank Klosowski, alleging their marriage, the birth of a son, and cruel treatment by him which compelled her to leave him, and she charged that he had real estate of the value of $4500. He answered the bill, denying the charge of cruelty and admitting the ownership of the real estate worth $4500 but averring that it was mortgaged for $1500. Nothing further was done in the suit until September 18, 1912, when a replication was filed, and on September 20, 1912, the defendant not appearing, the bill was taken as confessed and a decree was entered finding the defendant guilty of cruel treatment, by reason of which the complainant was compelled to and did leave him, and that he was the owner in fee simple of the improved real estate described in the decree, awarding to the complainant the custody of the child and ordering the defendant to pay the complainant $50 each month for the support of herself and child, $65 solicitor's fees within sixty days, $3 stenographer's fees, and costs of the suit. The defendant was enjoined from encumbering, charging, selling or otherwise disposing of his real estate, and the decree was made a lien on the same, and it was ordered that in default of payment of any or all of the sums when due, execution might issue. On November 4, 1912, an affidavit of complainant's solicitor was filed, stating that there was due from the defendant $50 on September 18, 1912, $50 on October 18, 1912, (both for alimony,) $65 solicitor's fees on September 20, 1912, and $3 stenographer's fees. On November 7, 1912, an execution for $180.15 and a fee bill for $15.15 were issued. The execution was levied on the premises described in the decree, and they were sold on December 3, 1912, to the complainant for $196.73. The sheriff retained his costs, $16.58, and paid the balance,

$180.15, to the complainant's solicitor. The premises were not redeemed and the sheriff executed a deed to complainant. On March 21, 1914, the complainant petitioned the court for a writ of assistance to put her in possession of the premises. The defendant answered a rule to show cause why the writ should not be allowed, by alleging that the premises were his homestead and of the value of $4000, subject to an encumbrance of $1500, and that the premises were sold without setting off the homestead. There was a hearing, at which it was proved that the complainant and defendant lived as husband and wife on the premises as their homestead until the complainant left, and since that time the defendant had been in possession continuously and then occupied the premises as his home. On May 4, 1914, the court entered an order finding that up to February 5, 1911, the parties, with their minor child, lived together on the premises in question as their homestead; that on said day the complainant, by reason of cruel treatment, was compelled to leave the domicile and had since lived separate and apart from the defendant without her fault; that the defendant made default in the payment of alimony; that execution was issued and levied on the premises and a sale was made without setting off an estate of homestead to the defendant; that the defendant, after the separation, had remained in the possession of the premises and was then in possession; that upon the departure of complainant from the home the estate of homestead continued to and became then and there vested in her; that her departure from the homestead and absence therefrom was not an abandonment of her estate of homestead; that she had been, and then was, vested with and owned the fee simple in the real estate free and clear of all right, title, interest or estate of homestead granted by the laws of this State and theretofore at any time vested in the defendant. Following these findings was an order that the writ of assistance be issued, and from the order this appeal was prosecuted.

Where a homestead exists and the premises are sold on execution without setting off the homestead, as provided by the statute, the sale is void. (*Hartwell* v. *McDonald,* 69 Ill. 293; *Bullen* v. *Dawson,* 139 id. 633; *Bach* v. *May,* 163 id. 547.) Every householder having a family is entitled to an estate of homestead to the extent in value of $1000 in the farm, lot or land, and buildings thereon, owned or rightfully possessed, by lease or otherwise, and occupied by him or her as a residence. The circuit court found that the homestead estate went with the complainant when she left the premises, that it became vested in her, and that her departure and absence were not an abandonment of her estate. This was wrong, because she did not own the premises and had no title to them, was never the head of the family, and after she left the homestead it was not her residence. The defendant was a householder, owned the premises, had a family and occupied the premises. The marriage relation still existed, and the defendant had a family although they did not live with him but had a right to and might return at any time.

Attention is called to two cases which, it is contended, sustain the finding of the court that the homestead inured to and became vested in the complainant when she left the home, but in each case a divorce was granted and the wife became the owner of the premises. The first one is *Vanzant* v. *Vanzant,* 23 Ill. 536, in which the wife filed her bill for divorce and alimony, and on a hearing a divorce was decreed, the custody of a child was committed to the wife, and the homestead, with the household and kitchen furniture, was given to the wife as alimony. The master in chancery was ordered to convey to her the homestead, which he did in pursuance of the decree, and she occupied the homestead by her tenant, so that the possession was her own. The other case is *Bonnell* v. *Smith,* 53 Ill. 375, and that, also, was a case where the wife obtained a divorce. A tract of land was allotted to her as alimony, together with

the custody of a child, and she became the head of a family, so that the homestead right passed to her by operation of the statute. It was within the power of the court to decree the homesteads in these cases to the complainants as alimony, (*Jolliff* v. *Jolliff*, 32 Ill. 527,) but the law does not make such provision in the case of separate maintenance, where all that is authorized is an allowance for reasonable support and maintenance of the wife while she lives separate and apart from her husband without her fault. The court, in entering the decree for separate maintenance, did not attempt to vest the ownership of this homestead in the complainant but made an allowance to her, which was made a lien on the defendant's real estate, as the court might lawfully do, whether by virtue of sections 44 and 45 of the Chancery act, or, as stated in *Johnson* v. *Johnson*, 125 Ill. 510, as a power inherent in courts of chancery. A decree awarding an allowance of money for separate maintenance is not different from any other decree for payment of money and does not have the effect of setting aside or annulling the exemption laws of the State. The sale made by the sheriff to satisfy the money allowance without setting off the homestead of the defendant was void, and the complainant was not entitled to the aid of a court of equity to put her in possession of the premises under the void sale.

The suggestion that if the sale and deed were set aside the defendant should be compelled to do equity by paying the amount of alimony due is without force. While it is the rule that one asking the aid of a court of equity must do equity, the rule does not apply here because the defendant has not asked a court of equity for any affirmative relief. Without considering the question whether equity would require him to pay the alimony due, he is not required to pay it as a condition of resisting an attempt to take his property under a void sale. Any question touching the rights of a purchaser at a sale where the homestead is not set off

or payment made therefor, which may be recognized or enforced by a court of equity, is not here involved.

The decree is reversed and the cause remanded, with directions to dismiss the petition.

*Reversed and remanded, with directions.*