(No. 13400.—Decree affirmed.)

FRIEDLAND FRITTS *et al.* Defendants in Error, *vs.* AN-
DREW J. FRITTS, Admr. Plaintiff in Error.

*Opinion filed June 22, 1921.*

1. HOMESTEAD—*land occupied as a homestead and which does
not exceed $1000 in value cannot be sold subject to the homestead
right.* Land embraced in a homestead estate cannot be sold to pay
the debts of the owner of the fee during the life of his widow and
the minority of his children, and where it does not exceed $1000
in value no valid lien can be secured on the land or sale had thereof
during the existence of the homestead estate, even though it is
sought to sell such property subject to the homestead right.

2. SAME—*land may be sold to pay debts after expiration of the
homestead estate.* Where an estate of homestead expires by the
death of the widow and the coming of legal age of her children,
the county court may order the sale of the land to pay the debts
of the deceased in the administration of the estate.

3. SAME—*when homestead cannot be re-valued at request of
judgment creditor.* Where a decree setting off dower and home-
stead finds that the land occupied as a homestead does not ex-
ceed $1000 in value a sale of said land on execution of a judgment
against the deceased husband is void, and where the judgment cred-
itor has for more than twenty years taken no steps by *scire facias*
to keep the judgment alive he cannot have the land re-valued.

WRIT OF ERROR to the Circuit Court of Pope county;
the Hon. A. W. LEWIS, Judge, presiding.

H. A. EVANS, for plaintiff in error.

CHARLES DURFEE, for defendants in error.

Mr. CHIEF JUSTICE STONE delivered the opinion of the
court:

Defendants in error, Friedland Fritts, J. W. Fritts and
Herbert L. Fritts, filed their bill in the circuit court of Pope
county for partition of certain lands occupied by Elizabeth
Fritts, their mother, as a homestead. The bill alleges that
they, together with Lettie Golden, their sister, own the fee
simple title to the land in the bill described, subject to the

homestead right of their mother. The bill also sets out certain certificates of levy on a judgment secured by Andrew J. Fritts, as administrator of the estate of Sarah Fritts, deceased, against John L. Fritts, the husband of Elizabeth Fritts and the father of the defendants in error and Lettie Golden, and prays that said certificates of levy and an alleged sale thereunder be canceled as a cloud upon the title of the defendants in error to the land described in the bill. Plaintiff in error, Andrew J. Fritts, answered denying the averments of the bill, and averring that he, as administrator of the estate of Sarah Fritts, held a valid judgment against John L. Fritts, deceased; that sale was had of the premises described in the bill and the same were purchased by Andrew J. Fritts for himself and are now owned by him in fee, subject to the homestead right of Elizabeth Fritts. The answer, which was allowed to stand as a cross-bill, prays that Elizabeth Fritts be required to take the sum of $1000 and to surrender her homestead in the premises. Elizabeth Fritts, holder of the homestead right, filed her answer to the amended bill and to the cross-bill of Andrew J. Fritts, setting up that she owned the property as a homestead and denying the right of Andrew J. Fritts to a lien on or title to the premises.

The circuit court in its decree finds that Friedland Fritts, J. W. Fritts and Herbert L. Fritts, defendants in error here, and Lettie Golden, each own an undivided one-fourth interest in the land described in the bill, subject to the homestead estate of Elizabeth Fritts, and decrees partition. The decree also finds that there is no one else interested in or has any title to the land described or any part thereof, and that the certificates of purchase and levy against the land are a cloud on the title of complainants and should be canceled of record.

It appears from the evidence in the record that Andrew J. Fritts, Sr., died intestate in 1865, leaving him surviving Sarah A. Fritts, his widow, and eight children, his only

heirs-at-law. At the time of his death he was seized of a considerable amount of land, including the land described in the bill of complaint. It appears that no attempt was made to divide this land but after his death the family continued to reside thereon, and in 1872 John L. Fritts (now deceased) and Elizabeth Fritts, his wife, one of the complainants in this case, erected a house at one end of the farm and resided therein until a short time before the death of John L. Fritts, in September, 1893. His widow has continued to reside in this house. John L. Fritts died intestate, leaving surviving Friedland, J. W. and Herbert L. Fritts and Lettie Golden, his children, and Elizabeth Fritts, his widow. In 1890, prior to the death of John L. Fritts, Edward Fritts, as administrator of the estate of Sarah A. Fritts, then deceased, secured a judgment in the circuit court of Massac county against John L. Fritts for $1541.55 and caused a transcript of said judgment to be recorded in the recorder's office of Pope county. It appears that during the last few years of his life John L. Fritts and his wife had some difficulty, as a result of which she instituted a suit for separate maintenance against him, and in the bill for this relief she sought and obtained an injunction restraining the sheriff of Pope county from selling the interest of John L. Fritts in the estate of Andrew J. Fritts, Sr., under said judgment. Soon thereafter John L. Fritts died, and Elizabeth Fritts filed her supplemental bill, in which she prayed for assignment of homestead and dower in the land left by Andrew J. Fritts, Sr. Upon a hearing of this bill and cross-bill a decree was entered in October, 1895, by which a partition of the land of Andrew J. Fritts, Sr., was ordered, also directing that dower and homestead be set off to Elizabeth Fritts, the widow of John L. Fritts, and commissioners were appointed for that purpose. This decree modified the injunction theretofore issued and ordered that Edward Fritts, administrator, as judgment creditor of John L. Fritts, have execution *venditioni exponas*

to the sheriff of Pope county directing him to sell, sub-
ject to the right of dower of Elizabeth Fritts, so much of
the real estate by that decree partitioned to the heirs of
John L. Fritts as was not embraced in that portion assigned
as homestead to Elizabeth Fritts.  The report of the com-
missioners, which was approved by this decree, found that
the seventy acres, including improvements, were of the value
of $1000, and that as the homestead set off to Elizabeth
Fritts took all of the interest of John L. Fritts in his
father's estate, there was nothing remaining out of which
dower might be assigned, and dower therefore was not as-
signed.   On May 4, 1896, the circuit court entered a de-
cree approving that report.  That decree also found that
Edward Fritts, as administrator of his mother's estate, had
a valid judgment against John L. Fritts, and that the same
was a lien against the interest of the children of John L.
Fritts in the seventy acres, subject to the rights of home-
stead and dower of Elizabeth Fritts.   That decree also
found that the children of John L. Fritts held the fee to
the land subject to the rights of homestead and dower of
Elizabeth Fritts and subject to the lien of the judgment of
Edward Fritts, administrator.   Under the execution *ven-
ditioni exponas* the sheriff of Pope county on June 26, 1896,
sold all the interest of John L. Fritts in the land in ques-
tion to plaintiff in error, Andrew J. Fritts, who claims the
land by virtue of that sale and a certain sheriff's deed which
he testifies was not recorded and has been lost.

It is the rule in this State that a homestead is more than
a mere right of occupancy exempt from levy and sale for
debts.   Where land occupied as a homestead does not ex-
ceed $1000 in value no valid lien can be secured on such
land or sale had thereof during the existence of such home-
stead estate, even though it is sought to sell such property
subject to the homestead right.  The land embraced in the
homestead cannot be sold to pay the debts of the owner of
the fee during the life of his widow and the minority of his

children. (*Hartman* v. *Schultz*, 101 Ill. 437.) When the estate expires by the death of the widow and the coming of legal age of the children, the county court·may order the sale of the land to pay the debts of the deceased in the administration of the estate, but such sale cannot be made as the enforcement of a lien. The sale of June, 1896, created no lien against this property.

The decree granting execution *venditioni exponas* specifically exempted from sale the land ·embraced in that portion set off as a homestead. The decree did not even purport to create a lien against this land. The sale and the certificate issued thereon were void, and a deed, if such were issued on such levy and sale, would be of no effect as a transfer or evidence of title to the premises. The circuit court at the ·time the homestead was set off to Elizabeth Fritts found it to be worth but $1000, and while it is now urged that it was worth more and that it should be revalued, there was no attempt to have this question reviewed within twenty years after the entry of the judgment against John L. Fritts, nor were any steps taken by *scire facias* to keep such judgment alive beyond the twenty-year period nor to have the property re-valued. The decree of 1896, if it be taken as a revival of the judgment, which is not conceded, was entered more than twenty years before the filing of the plaintiff in error's cross-bill herein. The sale and certificate under execution *venditioni exponas* were void. The judgment upon which such execution was issued has not been kept alive, so that, even if it were conceded that the holder of the judgment had the right at this late day to have the property embraced in the homestead re-valued, there is no basis for claiming such right here.

The decree of the chancellor declaring the certificate of levy and sale held by Andrew J. Fritts to be a cloud on the title of Elizabeth Fritts and her children and removing the same was correct.

·· The decree of the circuit court will therefore be affirmed.

*Decree affirmed.*