MILLEDGE S. DIXON *et al.*, Plaintiffs-Appellees, *v.* ANNETTE D. MOLLER, Defendant-Appellant.—(ROY MOLLER, Intervenor-Appellant, *v.* MILLEDGE S. DIXON *et al.*, Defendants-Appellees.)

Fifth District   No. 76-98

Opinion filed October 13, 1976.

KARNS, P. J., dissenting.

Joel A. Kunin and David J. Letvin, both of Cohn, Carr, Korein, Kunin and Brennan, of East St. Louis, for appellant.

E. Charles Geittmann, of Geittmann & Foster, of Metropolis, for appellees.

Mr. JUSTICE EBERSPACHER delivered the opinion of the court:
Defendant-appellant, Annette D. Moller, and intervenor-appellant, Roy Moller, appeal from an order of the circuit court of Massac County

providing for partition of real estate and affixing as a first lien upon the premises a $5,000 homestead allowance after payment of any mortgage liens in which the homestead right had been waived by Roy Moller. In a previous appeal, this court reversed and remanded the case for further proceedings for reason that the order of the trial court appealed from was not appealable. (*Dixon v. Moller*, 33 Ill. App. 3d 648, 342 N.E.2d 232.) We held that the order appealed from did not contain the finding required by Illinois Supreme Court Rule 304 (Ill. Rev. Stat. 1975, ch. 110A, par. 304) that no just reason exists for delay of enforcement of appeal. The circuit court has cured this jurisdictional defect and we now reach the merits of the Mollers' appeal.

Appellants, husband and wife, purchased the premises in question as joint tenants on March 8, 1962. On January 8, 1963, they mortgaged the premises to Mercantile Mortgage Company. On November 22, 1967, the mortgage was purchased by plaintiffs-appellees, Milledge S. Dixon and Irene Dixon. On October 17, 1966, the City National Bank of Metropolis obtained a judgment against Roy Moller for $5,052.99. Pursuant to an alias writ of execution the sheriff levied upon Roy Moller's undivided one-half interest in the premises on May 15, 1967. After the required notice, an execution sale was held on June 7, 1967, at which plaintiffs purchased Roy Moller's interest for $4,201. Following expiration of the time of redemption, a sheriff's deed was issued to the purchasers on July 19, 1968. The entire proceeds of the sale went to partial satisfaction of judgment and costs. No issue regarding Roy Moller's right to homestead was raised in the judgment and execution sale proceeding and no provision for payment of any homestead was made.

On July 22, 1968, plaintiffs filed a complaint for partition against Annette D. Moller and several others, not parties to this appeal, who assert various liens against the property. Defendant Moller filed an answer and an affirmative defense in which she asserted that the premises were occupied by herself and her husband, Roy Moller, as a homestead and that they were entitled to a homestead exemption provided in section 1 of "An Act to exempt the homestead from forced sale * * *" (Ill. Rev. Stat. 1967, ch. 52, par. 1)[1]; and, further, that since Roy Moller's homestead was not recognized in the judgment and execution sale proceeding, the sale was void. Pursuant to a permissive order, Roy Moller filed his "Complaint in Intervention" in which he similarly alleged that he was entitled to a homestead in the premises and that since the judgment and execution sale proceeding did not recognize his homestead interest, the sale was void.

After a stipulation of facts and a consideration of briefs the trial court entered an order on August 30, 1974, directing partition of the premises,

---

[1] The value of the homestead at that time was $5,000, now it is $10,000. Ill. Rev. Stat. 1975, ch. 52, par. 1.

awarding a $5,000 right of homestead in the premises to intervenor Roy Moller and affixing that right as a first lien upon the premises after payment of all mortgage liens in which the right of homestead was waived by Roy Moller. The circuit court's order of February 20, 1976, stated that there was no just reason for delaying enforcement of the order of August 30, 1974, or for delaying appeal of this matter. In their notice of appeal the defendant-appellant and intervenor-appellant ask this court to reverse the order of August 30, 1974. Because the premises were not subject to division, further proceedings for partition sale have been stayed pending the outcome of this appeal.

Appellants contend that the trial court erred in awarding plaintiffs' partition. Appellants argue that plaintiffs took a void title at the sheriff's execution sale because neither plaintiffs nor the sheriff recognized Roy Moller's homestead estate and because plaintiffs' bid was less than the statutory amount of the husband's homestead estate. The Mollers assert that plaintiffs, thus having no title to the property, could not maintain a suit for partition.

Plaintiffs-appellees answer that since intervenor failed to assert his homestead right during the 12-month period for redemption, the sheriff's deed passed title to them and was not void *ab initio.* For this reason, the plaintiffs argue, the trial court properly accomplished equity by allowing partition and affixing as a first lien the $5,000 homestead allowance.

■■ The trial court, as well as plaintiffs, has misconstrued the nature of homestead. Under Illinois law the homestead is a possessory freehold estate to the extent in value of the statutory amount. (*Wiegand v. Wiegand*, 410 Ill. 533, 103 N.E.2d 137.) It is more than a mere personal right of occupancy exempt from levy and sale for debts. (*Fritts v. Fritts*, 298 Ill. 314, 131 N.E. 584.) The homestead estate is freely alienable. The lien of a judgment does not attach to the homestead interest. Although other jurisdictions hold that the lien of a judgment does attach to an existing homestead, but remains dormant, or is held in abeyance, while the land continues to be occupied as a homestead, this is not the law in Illinois. *Lehman v. Cottrell*, 298 Ill. App. 434, 19 N.E.2d 111.

■■ Appellants were owners of their family residence in joint tenancy at all times relevant to the disposition of this case. At the times of levy and execution by the sheriff and sale to plaintiffs, the premises were within the purview of section 1 of "An Act to exempt the homestead from forced sale * * *" (Ill. Rev. Stat. 1967, ch. 52, par. 1), which provided:

"Every householder having a family, shall be entitled to an estate of homestead, to the extent in value of $5,000, in the farm or lot of land and buildings thereon, owned or rightly possessed, by lease or otherwise, and occupied by him or her as a residence; and such homestead, and all right and title therein, shall be exempt from

attachment, judgment, levy or execution, sale for the payment of his debts, or other purposes, and from the laws of conveyance, descent and devise, except as hereinafter provided: * * *."

Where property is held in joint tenancy by husband and wife, the right of occupancy and not the estate of homestead is jointly vested in the couple. Mere ownership of the premises, however, does not create an estate of homestead and two separate homestead estates cannot co-extensively exist in the same premises at the same time. (*Johnson v. Muntz*, 364 Ill. 482, 4 N.E.2d 826; *Skach v. Heakin*, 27 Ill. App. 3d 1074, 328 N.E.2d 59.) If the husband is the householder and is living and residing with his wife on the premises owned by them, either as joint tenants or tenants in common, the homestead estate is vested in the husband alone. (*DeMartini v. DeMartini*, 385 Ill. 128, 52 N.E.2d 138; *Johnson v. Muntz*, 364 Ill. 482, 4 N.E.2d 826.) In the instant case the following stipulation of facts was made regarding appellants' occupancy of the premises, an acre of ground improved with a dwelling house:

"Roy Moller and Annette Moller and their daughter lived on the premises from the date of construction until late 1966 or early 1967, and because of the necessity to obtain employment, Roy Moller rented an apartment at 408 North Main Street, Mascoutah, Illinois, so that he could engage in his occupation. Roy Moller, Annette Moller and their daughter, continued to maintain a mailing address in Metropolis. Their personal property, including furniture, clothing still remain in the premises. In addition, they retain their voting registration and vote in Metropolis. Moreover, Annette Moller, wife of Roy Moller, continues to pay mortgage payments, taxes and insurance on said premises on behalf of herself and Roy Moller. At every opportunity since they have rented the apartment, and at numerous times, they have returned to said premises, have spent time living in the dwelling and repairing same. Roy Moller and Annette Moller, together with their daughter, have always considered said premises as 'their home' and have never abandoned the premises.

Roy Moller is the provider for his family. Roy Moller, and his family, presently express an intent to return to live in said premises."

The chief object of the homestead laws is to shelter the family. A householder may absent himself from his homestead for the purpose of business without forfeiting his homestead right. When no new homestead has been acquired, absence from the old one, unless for an extended period of time, does not create a presumption of its abandonment. (*Palmer v. Riddle*, 197 Ill. 45, 64 N.E. 263; *Lehman v. Cottrell*, 298 Ill.

App. 434, 19 N.E.2d 111.) On these facts we find no intention to abandon the homestead premises. (*Holterman v. Poynter*, 361 Ill. 617, 198 N.E. 723.) At all relevant times Roy Moller, as householder and owner in joint tenancy, had a statutory homestead estate in the property in question. At the time of the execution sale, section 1 of "An Act to exempt the homestead from forced sale * * *" provided Roy Moller with a homestead estate of $5,000. (Ill. Rev. Stat. 1967, ch. 52, par. 1.) The plaintiffs bid the sum of $4,201, an amount less than the statutory homestead estate. The sheriff thereafter issued the deed which purported to place title in plaintiffs upon which they base their prayer for partition.

The question whether a sheriff's deed is valid where he fails to set off the statutory homestead has been answered by our Supreme Court in *Rice v. United Mercantile Agencies*, 395 Ill. 512, 70 N.E.2d 618, and *Klosowski v. Klosowski*, 266 Ill. 360, 107 N.E. 634. Both cases hold the sale void.

In *Rice*, the plaintiff, a judgment debtor, filed a complaint alleging that the property sold at an execution sale was his homestead. Plaintiff also alleged that since the sheriff did not set off his homestead, which at the time was $1,000, the sale was void. Plaintiff had not redeemed under the statute. In voiding the sale the court stated at 395 Ill. 512, 517, 70 N.E.2d 618, 621:

> "Where a homestead exists, and the premises are sold on execution for less than $1,000 without setting off the homestead, as provided by law, *the sale is void. Klosowski v. Klosowski*, 266 Ill. 360; *Bullen v. Dawson*, 139 Ill. 633." (Emphasis added.)

In *Klosowski v. Klosowski*, 266 Ill. 360, 107 N.E. 634, the defendant's former wife levied on defendant's premises to collect back alimony and attorney's fees. The premises were sold for $186, an amount less than the $1,000 homestead estate allowance. The court, finding that defendant was entitled to homestead, likewise held the sheriff's sale void.

In the instant case, as in *Rice* and *Klosowski*, the homestead estate of the intervenor Roy Moller was sold for an amount less than the statutory homestead exemption. The judgment lien could therefore not attach to Moller's interest in the premises. The levy and execution, the sale thereunder, the certificate of purchase issued at sale, and the deed issued in pursuance of the sheriff's certificate of sale were all null and void.

Moreover, it was unnecessary for Roy Moller to raise the issue of his homestead estate prior to the execution sale, at the sale, or during the redemption period after the sale. He did and could raise this issue for the first time by intervening in the partition suit. The estate of homestead can be waived or extinguished only by one of the methods provided by statute (Ill. Rev. Stat. 1967, ch. 52, par. 4). The doctrines of estoppel and laches do not effect release of homestead. *Rice v. United Mercantile*

*Agencies,* 395 Ill. 512, 70 N.E.2d 618; *Holterman v. Poynter,* 361 Ill. 617, 198 N.E. 723; Ill. Rev. Stat. 1967, ch. 52, par. 4.

In *Holterman v. Poynter,* 361 Ill. 617, 198 N.E. 723, the purchaser at the sheriff's sale of the judgment debtor's property, and the holder of a sheriff's deed, sought to evict the judgment debtor after the statutory period of redemption. Finding that the judgment debtor need not to have taken action, and citing *Imhoff v. Lipe,* 162 Ill. 282, 44 N.E. 493, the court stated:

> "We there held that a judgment debtor need not perform any act or manifest any intention in order to avail himself of his homestead exemption. If a sale of his homestead is made, he may assert his right to it either by bill or otherwise. He may abandon his homestead, but he can waive it only in the manner prescribed by the statute. *He need not object to the levy of an execution upon his homestead, for the reason that a sale and conveyance under an execution would be without authority in law and would not affect his title to his homestead."* 361 Ill. 617, 622, 198 N.E. 723, 725. (Emphasis supplied.)

■■ The sale and deed were void for the additional reason that the sheriff failed to comply with section 9 of "An Act to exempt the homestead from forced sale * * *" (Ill. Rev. Stat. 1967, ch. 52, par. 9). This section prohibits the sale of the premises in which the homestead estate exists unless a sum greater than $5,000 is bid for the premises. The statute also provides that if a bid of this amount is not received, the execution should be released for want of property. Despite these statutory provisions the sheriff, in violation thereof, accepted a bid of only $4,201 and thereupon issued a certificate of sale and later a deed. Under these circumstances plaintiffs received no valid transfer of Roy Moller's interest in the instant premises. (*Rice v. United Mercantile Agencies,* 395 Ill. 512, 70 N.E.2d 618; *Klosowski v. Klosowski,* 266 Ill. 360, 107 N.E. 634.) In view of the other grounds for reversal, we need not and do not decide whether the sheriff acted in violation of sections 10, 11 and 12 of "An Act to exempt the homestead from forced sale * * *" (Ill. Rev. Stat. 1967, ch. 52, pars. 10, 11, 12).

For all of the foregoing reasons we find the execution sale and the deed issued thereunder to plaintiffs void. Having no title to the premises in question, plaintiffs could not maintain suit for partition.

The order of the trial court is reversed and the case remanded with direction to dismiss the suit for partition.

Reversed and remanded with instructions.

G. J. MORAN, J., concurs.

Mr. PRESIDING JUSTICE KARNS, dissenting:

As noted in the majority opinion, homestead is a possessory freehold estate, but only if the statutory amount, this case $5,000, is not realized and paid to the person holding such estate from the proceeds of judicial sale. In my opinion the judgment of the trial court assures the holder of the estate that he will receive all that he could be entitled to, namely $5,000, accomplishes equity and prevents further needless litigation.

The lien of the judgment obtained by the City National Bank of Metropolis is still viable and attaches to appellant's real estate over and above the statutory homestead. On remand, the property is subject to be resold at execution sale, at which time Moller will be entitled to receive $5,000 as provided in sections 1 and 9 of "An Act to exempt the homestead from forced sale * * *" (Ill. Rev. Stat. 1967, ch. 52, pars. 1, 9) or else the sale cannot be confirmed. The judgment of the trial court accomplished, in my opinion, the same result and recognizes Moller's right to homestead by exempting, in the words of section 1 of the act, "[s]uch homestead * * * from attachment, judgment, levy or execution, sale for the payment of his debts, or other purposes, * * *." The effect of the trial court's decree is to treat the execution sale a nullity unless the proceeds of the partition sale satisfy Moller's statutory homestead in a manner consistent with the act.

While *Rice v. United Mercantile Agencies*, 395 Ill. 512, 70 N.E.2d 618 (1947), and *Klosowski v. Klosowski*, 266 Ill. 360, 107 N.E. 634 (1915), are authority for the proposition stated by the majority, they were decided upon entirely different facts and do not require that the equitable result reached here be overturned by adherence to precedent in a completely inapposite factual context. The result reached by the trial court assures Moller his homestead; it also recognizes that plaintiffs were innocent purchasers at a judicial sale and the decree gives effect to the long-established policy of the law of affording stability to judicial sales.