**UNITED STATES of America, Plaintiff,**

v.

**Don Thomas McDONALD et al., Defendants.**

**No. 76 C 3786.**

United States District Court,
N. D. Illinois, E. D.

April 7, 1980.

Thomas P. Sullivan, U. S. Atty., John L. Gubbins, Asst. U. S. Atty., Chicago, Ill., for plaintiff.

Robert C. Bramlette, Jr., Lord, Bissell & Brook, Chicago, Ill., for First Nat. Bank of Western Springs.

Jeff Atkinson, Jenner & Block, Chicago, Ill., for Tower Federal S. & L. Assn.

Charles T. Booher, Jr., Chicago, Ill., for the McDonalds.

## MEMORANDUM OPINION

GRADY, District Judge.

Plaintiff, Small Business Administration, as mortgagee-assignee, brought this foreclosure action against property encumbered by a trust deed from defendants Donald T. and Mary McDonald ("McDonalds"). The property is the residence of the McDonalds at 11314 West 74th Place, LaGrange, Illi-

nois. Defendant Tower Federal Savings & Loan Association ("Tower Federal") is first mortgagee and defendant First National Bank of Western Springs ("First National Bank") is a judgment creditor of the McDonalds. Defendant Coca-Cola Bottling Company of Chicago, another judgment creditor, never answered the complaint or appeared in the action. On October 4, 1978, we ruled on the merits in favor of the plaintiff, and requested the plaintiff to present a proposed foreclosure decree. A hearing was held on November 1, 1978, with a decree entered on the same date. Under the decree, the priority interests in the proceeds of sale of the subject property were as follows: (1) Tower Federal, (2) Small Business Administration, and (3) First National Bank. Decree of Foreclosure, ¶ 7. All other rights and interests were to be "inferior and subordinate to" the liens of these parties. *Id.*

Presently before the court is the McDonalds' motion to amend and correct the decree of foreclosure, filed December 27, 1978. They claim for the first time an Illinois statutory homestead exemption in their residential property. In the event the sale ordered by this court yields more than the amounts due mortgagees Tower Federal and Small Business Administration, the McDonalds assert that their homestead exemption, in the amount of $10,000.00, must take priority over the interest of judgment creditor First National Bank. The motion is based on Federal Rule of Civil Procedure 60(b), though no specific subparagraph authorizing relief from judgment is cited. Defendant First National Bank counters that the failure to assert this claim at the time of the hearing on the foreclosure order constituted a waiver, and, in any event, that Rule 60(b) relief is inappropriate. In exercising our discretion under this rule, we will grant the McDonalds' motion to amend the foreclosure order.

■ We first consider whether the McDonalds are entitled to a homestead exemp-

tion and whether such a claim can be raised in this action. Ill.Rev.Stat. ch. 52, § 1, providing for a homestead exemption, states:

> Every householder having a family shall be entitled to an estate of homestead to the extent in the value of $10,000, in the farm or lot of land and buildings thereon owned or rightly possessed by lease or otherwise and occupied by him or her as a residence; and such homestead, and all right and title therein, shall be exempt from attachment, judgment, levy or execution sale for the payment of his debts or other purposes . . . .

In their pleadings and affidavit of their attorney, the McDonalds assert that they are a family whose residence is the subject property of this lawsuit. Booher Affidavit, ¶¶ 2, 3. Illinois precedents are clear that where a homestead exists and the premises are sold on execution without the setoff of the homestead, the sale is rendered void. *Dixon v. Moller*, 42 Ill.App.3d 688, 1 Ill.Dec. 411, 415–416, 356 N.E.2d 599, 603–604 (5th Dist. 1976); *Rice, et al. v. United Mercantile Agencies of Louisville, Ky.*, 395 Ill. 512, 70 N.E.2d 618, 621 (1946).

■ Waiver or release of the homestead right can only be accomplished in the manner provided by Ill.Rev.Stat., ch. 52, § 4. *Estate of Millhouse v. Nash*, 60 Ill.App.3d 549, 18 Ill.Dec. 229, 232, 377 N.E.2d 382, 385 (4th Dist. 1978). Defendant First National Bank does not contest the relevance of this statute,[1] which provides in pertinent part:

> No release, waiver or conveyance of the estate so exempted shall be valid, unless the same is in writing, signed by the householder and his or her spouse, if he or she have one, or possession is abandoned or given pursuant to the conveyance; . . . In any case where such release, waiver or conveyance shall be taken by way of mortgage or security, the same shall *only* be operative as to such specific release, waiver or conveyance; and when the same includes different pieces of

---

1. First National Bank does not contest the ability of the McDonalds to assert their homestead interest in this "federal" proceeding, with juris-

diction based on 28 U.S.C. § 1345. Rather, the objection is to the tardiness of the presentation.

land, or the homestead is of greater value than $10,000, the other lands shall first be sold before resorting to the homestead, *if any balance shall remain* after the payment of the debt and costs, *such balance shall, to the extent of $10,000 be exempt,* and be applied upon such homestead exemption in the manner provided by law. (Emphasis added)

The McDonalds concede that they have expressly waived their homestead interest against mortgagees Tower Federal and Small Business Administration, and that any claim of theirs must be subordinated to the amounts owed these mortgagees. However, no express waiver was obtained by defendant First National Bank, a judgment creditor. Although counsel for the McDonalds should properly have raised the homestead issue at the hearing on the proposed foreclosure decree or even earlier, their failure to do so is not the written waiver required by the statute. Since no written release was obtained by First National Bank and the homestead waivers with respect to the mortgage instruments were of limited effect, we find that the McDonalds have not waived their assertion of a homestead interest in this proceeding as against judgment creditor First National Bank.

The question remains whether relief from or amendment of the foreclosure order can now be obtained. The procedure and grounds for the amendment of a judgment order are stated in Rule 60(b) of the Federal Rules of Civil Procedure:

(b) *Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc.* On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. . . . .

▮ Rule 60(b)(1) allows for relief from judgment due to "mistake, inadvertence, surprise, or excusable neglect." It is well recognized that mere carelessness on the part of the litigant or his attorney is not sufficient. *Ben Sager Chemicals International, Inc. v. E. Targosz & Co.,* 560 F.2d 805, 809 (7th Cir. 1977); *Bershad v. McDonough,* 469 F.2d 1333, 1337 (7th Cir. 1972); *Cline v. Hoogland,* 518 F.2d 776 (8th Cir. 1975). Most commonly, "excusable neglect" is found where a default judgment was entered due to the preoccupation of counsel with other litigation, *see e. g., Naples v. Maxwell,* 368 F.2d 219 (6th Cir. 1966), *cert. denied,* 386 U.S. 971, 87 S.Ct. 1165, 18 L.Ed.2d 131, or because of other failure of a party or counsel to appear. *See generally* Wright and Miller, *Federal Practice and Procedure* § 2858, pp. 164–165. In the instant case, counsel for McDonalds had the opportunity to consider the adequacy of plaintiff's proposed foreclosure order both prior to and during the hearing on the matter in this court. Indeed, once judgment was rendered in the plaintiff's favor, counsel for McDonalds' primary task was to minimize the exposure of his client's property. Such failure to act cannot provide the basis for relief under Rule 60(b)(1).

▮ Rule 60(b)(4) grants relief from judgment in certain circumstances where a "judgment is void." Arguably, state law renders a federal judgment void where state law extends beyond federal requirements. Wright and Miller, *Federal Practice and Procedure* § 2862, p. 198 at n. 77;

*Marquette Corp. v. Priester*, 234 F.Supp. 799, 802 (E.D.S.C.1964) (Rule 60(b)(4) determination of voidness of default judgment made under state law). In this case, there is no federal homestead exemption; the right exists solely as a result of the state statute. However, for a judgment to be void under Rule 60(b)(4), it must be determined that the rendering court either lacked subject matter or personal jurisdiction over the parties, plainly usurped its powers, or acted in a manner inconsistent with due process of law. *V.T.A., Inc. v. Airco, Inc.*, 597 F.2d 220, 224–225 (10th Cir. 1979); *Marshall v. Board of Education, Bergenfield, New Jersey*, 575 F.2d 417, 422 (3d Cir. 1978). No such condition can be met here. Jurisdiction is clear and there is no indication of any abuse of the court's authority. There is no tenable due process argument, especially in light of the fact that the McDonalds had the opportunity to be heard prior to a ruling by this court.

■ We turn, then, to subparagraph (b)(6) of the Rule, the so-called residual clause. As expressed by one commentator, the provision is intended to "cover unforeseen contingencies, intended to be a means for accomplishing justice in what may be termed generally, exceptional situations. . . . " 7 Moore's *Federal Practice* ¶ 60.-27[2], pp. 353–354. The literal language of the provision and the case authorities indicate that relief under clause (6) must be exclusive of that obtainable under the previous five clauses. *Bershad v. McDonough*, 469 F.2d 1333 (7th Cir. 1972); *Serzysko v. Chase Manhattan Bank*, 461 F.2d 699 (2d Cir. 1972), *cert. denied*, 409 U.S. 883, 93 S.Ct. 173, 34 L.Ed.2d 139. Although we have discussed the assertion of the homestead exemption under (b)(1) and (b)(4), we do not find it "within the coverage" of those provisions.[2] *See also William Skillings & Associates v. Cunard Transportation, Ltd.*, 594 F.2d 1078, 1081 (5th Cir. 1979). Thus we proceed to consider the merits of a claim for relief under the (b)(6) clause.

■ A claim is cognizable under Rule 60(b)(6) where there is evidence of extraordinary circumstances, *Klapprott v. United States*, 335 U.S. 601, 69 S.Ct. 384, 93 L.Ed. 266 (1949) (extraordinary circumstances found where defense could not be interposed in immigration case because movant was imprisoned); *Stradley v. Cortez*, 518 F.2d 488, 494 (3d Cir. 1975) (stating general rule); *McKinney v. Boyle*, 404 F.2d 632 (9th Cir. 1968), *cert. denied*, 394 U.S. 992, 89 S.Ct. 1481, 22 L.Ed.2d 767 (fraud of party's own counsel comes under 60(b)(6), not (b)(3)); *Bros. Inc. v. W. E. Grace Manufacturing Co.*, 320 F.2d 594, 609–610 (5th Cir. 1963) ("something more" than (b)(2) new evidence or (b)(3) fraud required); *or* where there is evidence of extreme hardship or injustice. *Transit Casualty Co. v. Security Trust Co.*, 441 F.2d 788, 792 (5th Cir. 1971) (stating rule); *United States v. Edell*, 15 F.R.D. 382 (S.D.N.Y.1954) (relief granted from judgment lien); *United States v. Miller*, 9 F.R.D. 506 (D.C.Pa.1949) (default judgment for treble damages based on 'guess' as to amount of damages was unconscionable and justified relief under 60(b)(6)). Significant discretion is vested in the district court in making this determination. *Browder v. Director, Department of Corrections of Illinois*, 434 U.S. 257, 263 n. 7, 98 S.Ct. 556, 560, 54 L.Ed.2d 521 (1978); *see generally* cases cited in Wright and Miller, *Federal Practice and Procedure* § 2857. Moreover, once extraordinary circumstances or hardship is found, Rule 60(b)(6) is to be liberally applied to "accomplish justice." 7 Moore's *Federal Practice* ¶ 60.27[2], pp. 352 et seq.

■ In the instant case, the McDonalds are entitled as *of right* under state law to a homestead exemption. Federal jurisdiction in this case arises solely because an agency of the United States is a party. There is no federal question involved and the substantive law is the law of the State of Illinois.

---

**2.** The primary purpose of the exclusivity requirement is to avoid circumvention of the time limitations of Rule 60(b)(1), (b)(2), and (b)(3). These provisions require the filing of the mo- tion within one year from the date of judgment, whereas Rule 60(b)(6) more broadly provides for such filing within a "reasonable time."

Under Illinois law, the homestead cannot be waived except in a manner provided by Ill.Rev.Stat., ch. 52, § 4. As noted earlier, the failure to assert the exemption in the foreclosure proceeding does not constitute a written waiver required by this statute. *Dixon v. Moller, supra,* 1 Ill.Dec. at 416, 356 N.E.2d at 604. A sale pursuant to our earlier order, which would purport to eliminate the McDonalds' homestead exemption, would not suffice to pass title free of that exemption. In other words, our earlier order is simply not effective to authorize a proper sale of the property. We find these facts to constitute "exceptional circumstances" within the meaning of Rule 60(b)(6). Although the instant case presents a wholly different rationale than other cases granting relief under this provision, we find the reasons no less compelling. Additionally, we note that the purpose of the homestead laws is to "shelter the family," *Dixon v. Moller, supra,* 1 Ill.Dec. at 415, 356 N.E.2d at 603, particularly from judgment creditors. Hardship can result to the McDonalds if the lien held by the defendant First National Bank is not subordinated to their homestead interest. None of these conclusions,[3] in fact, are disputed by First National Bank, their brief in opposition resting on a technical reading of Rule 60(b)(1).

Defendants McDonalds' motion for amendment of the foreclosure order of this court entered November 1, 1978, is granted. Counsel for the McDonalds should submit a revised decree of foreclosure within ten (10) days. In the event the judicial sale yields more than the amounts owed Tower Federal Savings and Loan Association and the Small Business Administration under the first and second mortgages, the McDonalds shall have a priority claim, up to the sum of $10,000.00 in those proceeds, over the liens or judgments of the First National Bank of Western Springs.

---

**3.** We do *not* base our ruling under Rule 60(b)(6) on the gross negligence of counsel for the McDonalds. Those courts that have granted (b)(6) relief on this basis have required a showing of the reasons why counsel failed to properly represent the interests of their clients. *See e. g., United States v. Cirami,* 535 F.2d 736, 739 (2d Cir. 1976). No such showing is made in the instant case. In addition, the Seventh Circuit has expressly reserved for later consideration whether "gross negligence" of counsel can properly be raised under Rule 60(b)(6). *Ben Sager Chemicals International, Inc. v. Targosz & Co.,* 560 F.2d 805, 810 n. 3 (7th Cir. 1977).