(No. 25354.—

JOSEPH BLASZYNSKI *et al.* Appellees, *vs.* FRANK STARCZEW-
SKI *et al.* Appellants.

*Opinion filed February 21, 1940.*

CHARLES J. TRAINOR, for appellants.

THOMAS H. RILEY, for appellees.

Mr. JUSTICE MURPHY delivered the opinion of the court:

Frank Starczewski and Franciszka Starczewski, hus-
band and wife, owned several lots and parcels of real estate
situated in Cook county. In the record, these lots and
tracts are grouped and referred to as parcels Nos. 1, 2
and 3. Joseph Blaszynski and Helen Blaszynski, plaintiffs,
began this action of ejectment to recover possession of the
lots included in parcel No. 1. The Starczewskis defended

on the ground that all the lots included in said parcel were occupied by them for residence purposes and that they had an estate of homestead therein. On a trial before the court, without a jury, plaintiffs recovered a judgment and defendants have appealed.

The evidence was all documentary and the facts are not in dispute. In 1931, Katarzena Matuszewski obtained a judgment against the defendants for $2600.95 and costs of suit. In 1936, the sheriff, pursuant to a *pluries* execution issued on said judgment, levied on all the right, title and interest of the defendants in all the real estate including the parcel in which defendants claimed a homestead. At the request of the plaintiffs in the execution, the sheriff appointed commissioners to set off homestead. The commissioners reported that the lots included in parcel No. 1 were not susceptible of division and appraised them at $4500. The sheriff gave defendants the statutory notice to pay the amount of the judgment above the homestead value of $1000. No payment was made. After the expiration of the sixty-day period for payment, the sheriff gave notice, by publication, that on a certain date he would sell all the right, title and interest of the defendants in all the lots and tracts included in the three parcels. After the sale, the sheriff made a return of the execution and it appears therein that he first offered each parcel separately, then in combination and, receiving no bids, offered the three parcels *en masse*. The plaintiffs in the execution bid $1600 for all the lots included in the three parcels. The return further shows that after deducting the costs of the sale, the balance of the purchase price, $1531.75, was paid to the attorney representing the execution creditor and the execution was returned satisfied as to that amount. No redemption was made by the defendants, but within fifteen months from the date of sale, the plaintiffs in this suit, as judgment creditors, paid the sheriff the amount necessary to effect a redemption and the sheriff issued a certificate of redemption. There-

upon the sheriff caused due and timely notice of another sale to be held, and at this sale he sold the parcels *en masse* to the plaintiffs herein. There being no further redemption, a sheriff's deed was issued. The certificate issued on the first execution sale, the certificate of redemption, the second publication notice and the sheriff's deed, each recited that the lots included in parcel No. 1 were sold subject to defendants' right of homestead. No money was paid to the defendants for their homestead interest following the sale and, after making demand, they began an action at law against the sheriff to recover the $1000. The circuit court dismissed their suit, with costs, and this order was affirmed by the Appellate Court. (*Starczewski* v. *Toman*, 296 Ill. App. 602.) Thereafter, plaintiffs started this action. The complaint contained two counts, the first of which alleged that plaintiffs were the owners in fee, as tenants in common, of all the lots referred to in the execution as parcel No. 1 and that defendants unlawfully withheld the possession. The second count alleged the two judgments, the various steps taken to effect a sale, redemption, the issuance of the sheriff's deed, demand for possession and the refusal of the defendants to deliver the same. Defendants' answer was a general plea of not guilty.

The admitted facts are, that defendants' right of homestead in the lots described and referred to as parcel No. 1, predated the Matuszewski judgment and that they never abandoned or voluntarily released it. To entitle plaintiffs to recover, it was necessary for them to prove that the homestead interest of the defendants had been extinguished in accordance with the requirements of the Exemptions act. Ill. Rev. Stat. 1939, chap. 52, pars. 9, 10, 11, 12.

Paragraph 9 of the Exemptions act provides that no sale shall be made of a homestead interest by decree or execution unless a greater sum than $1000 is bid therefor. If a greater sum is not bid, the decree may be set aside or modified or the execution released as for want of property. The

only evidence bearing on the method followed by the sheriff in offering the various tracts for sale is found in the sheriff's return on the execution issued on the Matuszewski judgment. It states that parcel No. 1 was offered for sale separately, but no bid was received, then it was offered in combination with the other parcels and a final offer of sale, and the only one upon which there was a bid, was the sale *en masse* of parcels Nos. 1, 2 and 3. In this condition of the record there is no showing that there was a bid of more than $1000 for the lots encumbered with a homestead interest. Without such showing, plaintiffs are not entitled to possession for the reason the statute expressly directs that if the bid is $1000, or less, the execution shall be released as for want of property. If the bid was $1000, or less, the attempted sale by execution would be ineffective and the title and right of possession would remain in the person holding the homestead estate. The valuation as fixed by the appraisers raises no presumption that the bid of $1600 for all the lots included a bid of more than $1000 for the lots included in parcel No. 1. The statute is explicit that, to effect a sale, the bid must be in excess of $1000, and this is true without regard to the value of the homestead as fixed in the appraisal.

Paragraphs 10, 11 and 12 of the act provide a means by which the judgment creditor may, by execution, reach the excess above the homestead value of $1000, but when the bid at the sale is $1000, or less, these paragraphs have no application and the judgment creditor cannot sell during the existence of such homestead estate, nor can he sell such property subject to the homestead right. *Fritts* v. *Fritts,* 298 Ill. 314.

Other irregularities in the execution sale are pointed out but, under the views expressed, it is unnecessary to consider them.

The judgment of the superior court is reversed.

*Judgment reversed.*