(No. 29754.—

FISHER A. RICE *et al.*, Appellees, *v.* UNITED MERCANTILE AGENCIES OF LOUISVILLE, KENTUCKY, Appellant.

*Opinion filed Nov. 20, 1946—Rehearing denied January 20, 1947.*

M. J. Brown, of Hillsboro, and Herbert W. Dey, of Litchfield, for appellant.

Omer Poos, of Hillsboro, for appellees.

Mr. Chief Justice Gunn delivered the opinion of the court:

Appellee, Fisher A. Rice, on March 26, 1926, acquired title to the south half of the northeast quarter of section 31, township 9 north, range 5 west of the third principal meridian, in Montgomery county, Illinois. This property was improved with a residence and outbuildings, and he, together with his wife, resided thereon. On August 12, 1933, he conveyed said premises to his daughter, Golden Rice, subject, however, to a life estate which the grantors retained for and during their joint lives, and thereafter during the lifetime of the survivor. The balance of the language of the deed, being in the usual statutory form, contained the words "hereby releasing and waiving all rights under and by virtue of the Homestead Exemptions Laws of this State." On August 17, 1940, appellant obtained a judgment against Fisher A. Rice in Macoupin county, and caused a transcript to be filed with the circuit clerk of Montgomery county; execution was issued thereon and, on March 5, 1942, the property was sold for $750

to appellant. The land was not redeemed under the statute, and a deed was issued on August 31, 1943.

Fisher A. Rice filed a complaint in the circuit court of Montgomery county and alleged that he was a householder, and that he and his family resided on said land, and that it was a homestead at the time of the levy and sale, and that the sheriff did not summon three householders and commissioners to appraise said premises, and did not set off any homestead. It is also alleged the property was subject to a prior mortgage, and that the equity in said premises did not exceed the value of the homestead, and that therefore the purported sale by the sheriff was absolutely null and void, and that the said deed should be removed from the record as a cloud upon the title of plaintiff-appellee.

By its answer the appellant first denied the material charges in the complaint, and by counterclaim alleged that under the language contained in the deed to the daughter the homestead had been released, as required by law; also that the conveyance to the daughter was fraudulent; and further, that in fact there had been an abandonment of the homestead; and prayed affirmative relief as against Fisher A. Rice and Golden Rice, and made them parties thereto. They both filed answers to the counterclaim and the issues were thus made. The case was heard before the chancellor, and upon the conclusion thereof he entered a decree in favor of the plaintiff-appellee and the cross defendants, and dismissed the counterclaim of appellant for want of equity. The case has been appealed directly to this court because a freehold is involved.

The first contention made by appellant is that there was an express waiver of the right of homestead in said premises, because of the words contained in the deed. Upon its face the deed negatives any release of a homestead. It purports to convey a remainder, and not any possessory title. It also expressly reserves a life estate

in the grantor and the grantor's wife. The release of a homestead in a deed applies to the interest in the property conveyed. The property conveyed was an expectancy, and the words "hereby releasing and waiving all rights under and by virtue of the Homestead Exemption Laws of this State," if of any effect, apply to what the grantors actually conveyed, *viz.*, the remainder.

A homestead is a possessory estate, requires actual possession by a householder, and some right in the property to which the homestead attaches. Reserving a life estate the grantors necessarily intended the release of homestead to apply to some other estate than the life estate retained in themselves. It has long been settled that a person may have a homestead in property less than a fee. It may exist in a life estate or an estate for years. (Ill. Rev. Stat. 1945, chap. 52, par. 1; *Rendleman* v. *Rendleman*, 118 Ill. 257; *Wike Bros.* v. *Garner*, 179 Ill. 257; *Stombaugh* v. *Morey*, 388 Ill. 392.) And it is not necessary that the householder have a fee title upon which to predicate his homestead estate. *Daughters* v. *Christy*, 223 Ill. 612.

Another controverted point is whether appellee Fisher A. Rice abandoned his homestead in the life estate he retained in the property involved. The contested facts relating to abandonment show Fisher A. Rice moved onto the farm in 1926. He resided there until 1937, except for a short time in the village of Virden. In 1937 his wife became ill and they moved into the town of Girard, where they lived for a short time. While there he sent his daughter a telegram that things were not going right. She went to Girard, but they would not go home with her, and returned to the farm in 1938. In the latter part of that year the daughter took her mother and father to St. Louis to be near them, and to see that her mother had medical treatment. The mother was ill and had fainting spells, and was unable to stay alone, and in January, 1941,

had a stroke, which resulted in her being helpless until her death, in January, 1943. During the same time the father was suffering from heart trouble. At the time of the trial of the lawsuit he was eighty-three years old. The evidence also discloses that at the time he left the farm he left all of the furniture and the household property in the house, and while, at the time of the trial, there was not much of it left, there was evidence to show that parties had broken into the house and destroyed or carried away a part of the furniture. Rice had always voted in that township; he was a registered voter in the township where the farm was located. The daughter drove him there to vote in that township in 1940 and 1944, and the permanent registration record shows he was registered there. He testified that when he moved to St. Louis he intended to return, and that he had never abandoned the homestead, nor procured another. In opposition to this the appellant claims there was no one living in the house on the farm, and that all of the furniture found therein consisted of a few articles, some of them broken, and that Rice had been elected a justice of the peace in another county, and other circumstances which might be interpreted to show an abandonment.

Upon this evidence the trial court made an express finding that Fisher A. Rice had a homestead in the property in question, and never had abandoned it. In *Palmer v. Riddle,* 197 Ill. 45, we held that where a person leaves his residence with only a conditional intention of acquiring a residence elsewhere, he does not lose his residence so long as his intention remains conditional. In the present case there is practically no evidence of any intention upon the part of Fisher A. Rice to acquire a new residence. The chancellor saw and heard the witnesses testify and was in a better position than we are to evaluate the weight of the testimony. There is sufficient in the record to sustain the finding of the trial court, and we will not overturn

his findings unless they are palpably against the weight of the evidence. We therefore sustain the finding of the trial court that there was no abandonment of the homestead in the property in question.

It being determined the appellee Rice had a homestead, the question of the validity of the sale under the sheriff's execution arises. The testimony shows that at the time the levy was made there was an equity in said premises of not to exceed $300 or $400 above and over the unpaid mortgage and interest. The evidence also shows that the entire interest, subject to the mortgage, was sold to appellant for the sum of $750. No appraisement or any attempt was made by the execution creditor or the sheriff to set off a homestead. The statute imperatively requires that in case the premises claimed as a homestead are worth more than $1000 it is the duty of the officer to summon three householders as commissioners to set off a homestead of the worth of $1000 to an execution debtor. (Ill. Rev. Stat. 1945, chap. 52, par. 10.) Where a homestead exists, and the premises are sold on execution for less than $1000 without setting off the homestead, as provided by law, the sale is void. (*Klosowski* v. *Klosowski,* 266 Ill. 360; *Bullen* v. *Dawson,* 139 Ill. 633.) The law does not require a judgment debtor to perform any act, or manifest any intention in order to avail himself of his homestead exemption. *Holterman* v. *Poynter,* 361 Ill. 617.

In this case the court made a finding that the homestead of Fisher A. Rice and his wife was sold for the sum of $750, (contrary to the provisions of the Homestead Exemption Act,) and that the levy of the execution, the sale had thereunder, the certificate of purchase issued at said sale, and the deed issued in pursuance of the sheriff's certificate of sale, were absolutely and wholly null and void. We are of the opinion the decree of the trial court in this respect was in accordance with the law and the facts established upon the trial.

It is also contended that even though the execution and sheriff's deed were not valid as against the title retained by Fisher A. Rice, *viz.*, the life estate, yet it is still effective against the remainder purchased by the daughter, Golden Rice, before the judgment was obtained. The contention is made that this purchase was without consideration and was fraudulent because, it is claimed, Fisher A. Rice and his wife were insolvent at the time the deed was made. The evidence in the record is overwhelming that the daughter, Golden Rice, paid or advanced to her father sums of money far in excess of the value of the equity in the premises, over and above the unpaid mortgage and interest. It is unnecessary for us to go into the detail of this, as such fact was not only found by the court, but was abundantly established by evidence, without refutation by appellant.

It is contended, however, that the transfer was void because Fisher A. Rice owed a number of creditors, and was insolvent. This is not a bankruptcy case. Under the law of Illinois a debtor has a right, when he acts without fraud, to prefer a creditor, and he may thus prefer a creditor although he hinders and delays his other creditors in the collection of their claims, provided the conveyance is made in good faith to discharge a valid debt by him. (*Albers* v. *Zimmerman*, 376 Ill. 306.) The many authorities sustaining this principle of law are set out at considerable length in the case just cited. There is no evidence of fraud on the part of Golden Rice, and receiving a conveyance as noted above does not establish it. This claim of appellant must be overruled.

It is finally contended the plaintiff was not entitled to relief in a court of equity because he could have made an application to have the judgment vacated by making application to the court in proper time. As a general rule, where a court of law renders judgment, it retains jurisdiction to see that its process is executed, as provided by law.

Under certain circumstances, where the judgment debtor fails to exercise his remedy at law he has a remedy in equity, upon a proper showing. (*Allis-Chalmers Mfg. Co.* v. *Hays,* 339 Ill. 230.) In the present case the sale was void in failing to comply with the exemption laws. Homestead as well as other interests were involved. The levy was also upon lands owned by Golden Rice, who was not a judgment debtor, and the appellant had neglected for several years to take any action on the judgment until Golden Rice had by her payments materially increased the equity in the property.

In *Watson* v. *Reissig,* 24 Ill. 282, a levy was made upon a right of redemption of the debtor, which at that time was not subject to execution, such a levy being void, and this was held sufficient to give jurisdiction and grant relief. *McDaniel* v. *Wetzel,* 264 Ill. 212, is quite similar in fact to the present case. There a homestead was involved. The notice of sale by the sheriff was insufficient. The equity above exemption was far in excess of the amount bid. A forcible entry and detainer suit was brought upon the sheriff's deed, and a suit in equity brought to restrain the creditor from prosecuting the suit. The court lays down the general rule, as pointed out above, and adds: "There is, however, no invariable rule of equity that relief will not be granted after a sheriff's deed has been made, and where there are circumstances of irregularity in an execution sale inadequacy of price will always be taken into consideration, and the court will take hold of serious irregularities or circumstances or unfairness towards the debtor in order to grant relief * * *. In this case the complainant was all the time in possession of the property, so that he was not chargeable with *laches* and there was no limitation operative against him." We think in this case sufficient facts are shown so that relief can properly be granted in a court of equity. On this question the particular facts in each case necessarily govern the applica-

tion of the principle. Under all of the circumstances, we think it was a proper one for a court of equity, and that the circuit court was right in so decreeing.

Other points are discussed in the briefs of counsel, which we have considered, but deem it unnecessary to comment upon, in order to avoid unduly prolonging this opinion. We have examined the record with care, and are of the opinion that the decree of the circuit court of Montgomery county was correct, and accordingly it is affirmed.

*Decree affirmed.*