**In the Matter of Harold O. REUTER, Jr., Mary A. Reuter, a/k/a Mary A. Flood, Debtors.**

**Bankruptcy No. 84 B 5549.**

United States Bankruptcy Court, N.D. Illinois, E.D.

Nov. 20, 1985.

**40**

Julie A. Lundquist, Zion, Ill., for debtors.

Lawrence M. Cooper, Chicago, Ill., for trustee.

### MEMORANDUM OPINION AND ORDER

JOHN D. SCHWARTZ, Bankruptcy Judge.

This cause is before the court on the trustee's objection to a homestead exemption claimed by the debtor, Harold O. Reuter, Jr. Mr. Reuter, as the spouse of the titled owner of the marital residence ("Property") claims a homestead exemption in the Property although he has no ownership interest in it. The court has considered the pleadings, memoranda and conducted its own research and finds, as a matter of Illinois law, that the debtor may claim a $7,500 homestead exemption in the Property without an ownership interest so long as such Property is the marital residence.

Mary and Harold Reuter filed a joint petition for bankruptcy relief under Chapter 7 of the Bankruptcy Code on April 30, 1984. Both debtors have claimed an Illinois homestead exemption for the Property occupied by them as their marital residence and household for three years. The Property is located in Illinois.

The trustee objected to Mr. Reuter's claim for an exemption because Mrs. Reuter owns the Property and no part of the Property can be used for the payment of Mr. Reuter's debts. Mrs. Reuter acquired her interest from her former husband, Charles Flood, at the time of the dissolution of their marriage. Mr. Reuter has never had an ownership interest in the Property.

Section 522(b)(1) of the Bankruptcy Code permits state legislatures to substitute state exemption laws for the exemption provisions set forth in § 522(d). Illinois has "opted out" of the federal exemptions, so the debtor claims his homestead exemption under the Illinois Homestead Exemption Provision which provides:

*Every individual* is entitled to an estate of homestead to the extent in value of $7,500, in the farm or lot of land and buildings thereon, a condominium or in personal property, *owned or rightly possessed by lease or otherwise and occupied by him or her as a residence,* or in a cooperative that owns property that the individual uses as a residence; and such homestead, and all right and title therein, *is exempt from attachment, levy or judgment sale for the payment of his or her debts or other purposes....*

*Ill.Rev.Stat.* ch. 110 § 12–901 (1984) (emphasis added).

Illinois courts have consistently interpreted the phrase, "owned or rightly possessed by lease or otherwise", to mean that the debtor had to possess title or some ownership interest in the property. *Sterling Savings and Loan Association v. Schultz,* 71 Ill.App.2d 94, 111–13, 218 N.E.2d 53, 62–63 (1966); *DeMartini v. DeMartini,* 385 Ill. 128, 136, 52 N.E.2d 138, 142 (1944). One must have some right in the property for a homestead exemption.

*See Rice v. United Mercantile Agencies,* 395 Ill. 512, 515, 70 N.E.2d 618, 620 (1947). The Illinois Supreme Court has determined that the right in the property may be acquired through marriage by stating:

> [T]he title must be either in the owner of the homestead right, or in one who sustains or has sustained some special relation to such owner, .... The relations here alluded to are, of course, that of husband and wife and parent and child. With respect to the former, it is unimportant whether the title to the homestead premises is in the husband or in the wife. Whether in the one or the other, the holder of the title cannot wrongfully deprive the other of the enjoyment of the homestead premises.

*Rendleman v. Rendleman,* 118 Ill. 257, 264, 8 N.E. 773, 776 (1886).

The Illinois Homestead exemption provision (*Ill.Rev.Stat.* ch. 110, § 12–901), when read in conjunction with the Rights of Married Women Act (*Ill.Rev.Stat.* ch. 40, § 1016) and the Release of Homestead Act (*Ill.Rev.Stat.* ch. 30, § 26), provides a spouse the right to claim an exemption for the marital home without having legal title. The Rights of Married Women Act provides in pertinent part:

> *Neither the husband nor wife can remove the other* or their children from their homestead without the consent of the other, *unless the owner of the property shall, in good faith, provide another homestead suitable to the condition in life of the family;* ...

*Ill.Rev.Stat.* ch. 40, § 1016 (1984) (emphasis added). A spouse, by his or her marriage and residence in a homestead, acquires a right to occupy the homestead. The other spouse is unable to unilaterally alienate that right. Historical and Practice Notes to *Ill.Ann.Stat.* ch. 40, § 1016 (Smith-Hurd 1984).

In addition, the Release of Homestead Act provides:

> No deed or other instrument shall be construed as releasing or waiving the right of homestead, unless the same shall contain a clause expressly releasing or waiving such right. And no release or waiver of the right of homestead by the husband or wife shall bind the other spouse unless such other spouse joins in such release or waiver.

*Ill.Rev.Stat.* ch. 30, § 26 (1984).

It is clear that for the duration of Mr. and Mrs. Reuter's marriage, Mrs. Reuter would be unable to sell the house without complying with the quoted provisions of the Rights of Married Women Act and the Release of Homestead Act. Therefore, Mr. Reuter has a homestead right in this marital residence without any title to the Property.

The Illinois legislature's strict preservation of the homestead right as evidenced by the foregoing statutes buttresses the court's conclusion that the "otherwise" in the term "owned or rightly possessed by lease or otherwise" in the provision of the homestead exemption statute is Mr. Reuter's right to occupy the homestead by his marriage to Mrs. Reuter.

Marriage grants additional priviledges to Mr. Reuter. For the duration of their marriage, Mr. Reuter has a non-vested future interest in the residence. If Mrs. Reuter were to predecease him and die intestate while they were still married, he would have an interest in one half of her estate including the Property. *See Ill.Rev.Stat.* ch. 110½, § 2–1(a) (1984). If Mrs. Reuter died testate and Mr. Reuter renounced her will, he would again have an interest in one third of her estate, including the Property. *See Ill.Rev.Stat.* ch. 110½, § 2–8(a) (1984).

This court's reading of the statute is consistent with the intent of the Illinois legislature to expand the Illinois exemptions. *See In re Marriage of Logston,* 103 Ill.2d 266, 280–81, 82 Ill.Dec. 633, 635, 638–39, 469 N.E.2d 167, 169, 172–75 (1984); Comment, *Bankruptcy Exemptions: Whether Illinois' Use of the Federal "Opt-Out" Provisions is Constitutional,* 1981 S.Ill.U.L.J: 65, 69 (1981). The goal of the homestead exemption is to shelter the family and allow the debtor a chance to regain his footing. *Dixon v. Moller,* 42 Ill.App.3d 688, 691, 1 Ill.Dec. 411, 415, 356 N.E.2d

599, 603 (1976). The spirit of the Illinois exemption statutes should not be frustrated because Harold Reuter does not have any title to the Property. *See In re Farnik,* 17 B.R. 856, 858 (Bkrtcy.N.D.Ill.1982).

NOW THEREFORE, IT IS ORDERED that the Illinois Homestead Exemption may be claimed by Harold Reuter in and to the Property and the Trustee's motion to disallow same is denied.