**In re Larry MILLER, a/k/a Laurence Miller, Debtor.**

**In re Barbara MILLER, Debtor.**

**Bankruptcy Nos. 92 B 18943, 92 B 19473.**

United States Bankruptcy Court, N.D. Illinois, Eastern Division.

Oct. 18, 1994.

Larry and Barbara Miller, pro se.

Howard L. Adelman and Brad A. Berish of Adelman, Gettleman & Merens, Chicago, IL, for U.S. Trustee.

## MEMORANDUM OPINION ON TRUSTEE'S OBJECTION TO HOMESTEAD EXEMPTIONS

JOHN D. SCHWARTZ, Chief Judge.

The matter before the court is David Grochocinski's, trustee in the above captioned bankruptcy cases ("Trustee"), Objection to Larry Miller's ("Larry") and Barbara Miller's ("Barbara") homestead exemption claims. Larry and Barbara are two individual Debtors under two related Chapter 11 bankruptcy cases who are collectively referred to as the "Millers."

The Millers have each claimed a homestead exemption of $7,500.00 in their home located at 500 50th place, Westmont, IL ("Home"). In its Memorandum Opinion of May 18, 1994 and Judgment Order of even date (*Miller I*), this court found that the Millers had fraudulently transferred their interest in the land trust that holds the legal title to the Home. The Trustee now contends that 11 U.S.C. § 522(g) precludes the Millers from claiming a homestead exemption in property, which was voluntarily transferred, and then recovered by him under 11 U.S.C. § 550. In their response, the Millers' assert that at all times they retained a life estate in their Home and continued to reside in their Home. Therefore, under Illinois law, they are entitled to their respective homestead exemptions. For the reasons stated below, the Trustee's objections are overruled with respect to both Barbara's and Larry's exemption.

## JURISDICTION

This court has jurisdiction to entertain the Summary Judgment Motion pursuant to 28 U.S.C. § 1334 and general rule 2.33(A) of the General and Civil Rules of the United States District Court for the Northern District of Illinois. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(B).

## BACKGROUND

The background of this case is set forth in *Miller I*.[1] Accordingly, only the facts relevant to this opinion shall be recited here. Prior to March, 1990, Barbara and Larry each owned a 50% share of the beneficial interest in a land trust known as the "Home Land Trust." The Home Land Trust holds title to real property to the Millers' Home. Between March and May of 1990, Larry transferred all of his interest in the Home Land Trust to Barbara for no consideration. *See Miller I*, Memorandum Opinion at p. 7, ¶ 6. In August, 1990, Barbara established the "Miller Children Trust," with the Millers having a right to the income from the Trust and with the trust property being distributed

to Eric Miller, Julia Miller, and Andrew Miller (collectively the "Miller Children") upon the death of the survivor of Barbara or Larry. Also in August, 1990, Barbara transferred her remainder interest in the Home Land Trust to the Miller Children Trust for no consideration. At all times, Barbara retained a life estate in her Home. Barbara's transfer was recorded on September 28, 1990 by the land trustee holding title to the Home Land Trust.

On August 10, 1992, in a state court action against the Millers, the Circuit Court for the Eighteenth Judicial Circuit avoided both Larry's to Barbara and Barbara's transfer to the Miller Children Trust as fraudulent pursuant to the Uniform Fraudulent Transfer Act ("UFTA") (codified in 740 ILCS 160/1—12). On August 24, 1992 and August 31, 1992, Larry and Barbara individually filed their respective bankruptcy cases in this Court. (Collectively referred to as the "Cases.") On September 2, 1992, David Grochocinski was appointed as Trustee for both bankruptcy Cases. On or about September 21, 1992, the Court entered an order directing that the Cases be jointly administered, which was entered on both dockets on September 23, 1992.

Next, the Trustee commenced an adversary proceeding seeking, among other things, to recover, as property of the estate, the interests in the Home Land Trust transferred by the Millers. This court, in *Miller I*, relying in part on the state court judgment, granted the Trustee's Motion for Summary Judgment and avoided both Larry's transfer to Barbara and Barbara's transfer to the Miller Children Trust. Pursuant to 11 U.S.C. 550, the Judgment Order awarded the beneficial ownership of the Home Land Trust to the Trustee. On July 28, 1994, the Trustee filed his objection to the Millers' respective homestead exemptions.

### Discussion

■ The basis for the Trustee's objection is 11 U.S.C. 522(g). That section provides in relevant part that:

---

1. *See In re Larry Miller, a/k/a Laurence Miller*, Case No. 92 B 18943 and *In re Barbara Miller*, Case No. 92 B 19471, Memorandum Opinion on

Trustee's Motion for Summary Judgment as to Counts II and III of the Complaint and Judgment Order, May 18, 1994.

Notwithstanding sections 550 and 551 of this title, the debtor may exempt under subsection (b) of this section property that the trustee recover under section . . . 550 . . . of this title, to the extent that the debtor could have exempted such property under subsection (b) of this section if such property had not been transferred, if—

(1)(A) such transfer was not a voluntary transfer by the debtor; and

(B) the debtor did not conceal such property; or

(2) the debtor could have avoided such transfer under subsection (f)(2) of this section.

The Trustee contends that since the Millers cannot satisfy the requirements of this section, they may not exempt their Home from the property of the estate and therefore are not entitled to a homestead exemption. The Millers' do not contest the applicability of § 522(g). Nevertheless, they argue, that since they retained a life estate in the property transferred to the Miller Children Trust and have remained in possession of the house at all relevant times, that they are each entitled to a homestead exemption.

The Millers' claim of a homestead exemption is based on 735 ILCS 5/12–901 (*every individual is entitled to an estate of homestead to the extent in value of $7,500.00*). Under this section, both husband and wife may claim homestead exemptions of $7,500.00 each for a combined total of $15,000.00. *In re McKeever*, 166 B.R. 648, 656 (Bankr.N.D.Ill.1994) (citations omitted). This right of a homestead is expressly declared by the legislature to be an estate in the lot of ground and buildings to which the right attaches. *In re Szekely*, 936 F.2d 897, 901 (7th Cir.1991); *Rendleman v. Rendleman*, 118 Ill. 257, 264, 8 N.E. 773, 775–76 (1886). Like all other estates, it must be supported by a title. *Id.* at 264, 8 N.E. at 775–76; *Sterling Savings and Loan Assoc. v. Schultz*, 71 Ill.App.2d 94, 111–12, 218 N.E.2d 53, 61 (1st Dist.1966). Mere possession is not sufficient to entitle a party to a homestead. *Sterling*, 71 Ill.App.2d at 111–12, 218 N.E.2d at 61. The interest in the homestead may be in fee, for life, or even for years. *Rendleman*, 118 Ill. at 264, 8 N.E. at 775–76.

Accordingly, if the Millers retained a life estate in their home, then they would be entitled to their homestead exemption, despite a fraudulent conveyance of the remainder. *Rice v. United Mercantile Agencies of Louisville, KY.*, 395 Ill. 512, 70 N.E.2d 618 (1946).

In *Rice*, a case similar to the instant one, a husband and wife deeded their residence to their daughter. *Id.* at 513, 70 N.E.2d at 619. However, in the deed to their daughter, the grantors expressly retained a life estate in the residence. In addition, the deed contained a waiver of the right of homestead in said premises. In allowing the husband and wife to retain their homestead exemption, the court held that the waiver only applied to that which was conveyed, the remainder. *Id.* at 514–15, 70 N.E.2d at 620. By reserving the life estate, the grantors necessarily intended the release of the homestead to apply to some other estate other than the life estate retained in themselves. *Id.* Accordingly, since an owner need not have fee title to claim a homestead exemption, Mr. and Mrs. Rice were entitled to their homestead exemption, notwithstanding the possibility that the transfer itself may have been fraudulent. *Id.*

Several recent cases, although not from Illinois, support the Millers' position that the retention of a life estate supports the claim of a homestead exemption. In *In re Moffat*, 107 B.R. 255, 261 (Bankr.C.D.Cal.1989), *aff'd*, 119 B.R. 201 (9th Cir. BAP 1990), *aff'd*, 959 F.2d 740 (9th Cir.1992), the court could find no reason to prevent a debtor from claiming his homestead exemption in his dwelling, despite having only a life estate in the house. *See also*, *In re Ehrich*, 110 B.R. 424, 426 (Bankr.D.Minn.1990); *In re Wilmsmeyer*, 2 B.C.D. 482 (Bankr.W.D.Ok.1975).

A review of the Trust agreement supports Barbara's contention that she retained a life estate in her Home. The beneficiaries of the trust, the Miller Children, do not have any rights in the trust res until the death of the survivor of Larry or Barbara. Accordingly, the only interest transferred to the Miller Children Trust was Barbara's remainder interest in the home. With respect to Barbara, the transfer of this remainder was the

only interest avoided in *Miller I* and, consequently, the only interest brought back into the estate. Barbara does not seek to exempt any portion of this transfer. Her homestead exemption is based on her life estate interest in their home. This interest was never transferred and therefore not recoverable by the Trustee. Accordingly, 11 U.S.C. § 522(g) is not applicable to Barbara and she is entitled to claim her homestead exemption.

Next, the Trustee argues that even if Barbara is entitled to her exemption, that Larry is not entitled to his since he, prior to the formation of the Miller Children Trust, had transferred his entire interest in the Home to Barbara. Therefore, the Trustee maintains that at the time such trust was established, Larry's only interest was a remainder interest dependent on a life estate. Such an interest, the Trustee claims, relying on *Stombaugh v. Morey*, 388 Ill. 392, 399, 58 N.E.2d 545, 549 (1944) and *Brokaw v. Ogle*, 170 Ill. 115, 127, 48 N.E. 394, 397 (1897), does not satisfy the title requirement necessary to claim a homestead exemption.

At first blush, the Trustee's argument is appealing. However, it does not survive a more stringent analysis. The Trustee's argument must be rejected as both paragraph 16 of the Rights of Married Persons Act, 750 ILCS § 65/1–22,[2] and the Release of Homestead statute, 765 ILCS § 5/27, when read in conjunction with the exemption statute, conclusively entitles a nonowner spouse to claim a homestead exemption in the marital residence owned by the other spouse. *In re Reuter*, 56 B.R. 39 (Bankr.N.D.Ill.1985). As this court stated in *Reuter*, "a spouse, by his or her marriage and residence in a homestead, acquires a right to occupy the homestead. The other spouse is unable to unilaterally alienate that right." *Id.* at 40.

In both *Stombaugh* and *Brokaw*, a spouse was not being deprived of a homestead exemption. In both cases, a child was denied a homestead exemption on the basis that the only interest the child held was a remainder following a life estate. The special right to claim a homestead exemption in property that one does not have an interest is limited to spouses. If the Illinois legislature intended to expand the exemption statute to include children, they would have enacted a "Childrens Act," granting children the same rights that spouses were given in the Rights of Married Persons Act. Accordingly, neither of the Trustee's cases are applicable to the facts of this case. Therefore, Larry, as Barbara's spouse, is entitled to an exemption in the Home and the Trustee's objection to Larry's exemption is overruled.[3]

## CONCLUSION

The Trustee's objections to both Larry and Barbara's homestead exemptions shall be overruled. Both Barbara and Larry are entitled to a homestead exemption in their Home of $7,500.00 each. Barbara's exemption is based on her retention of life estate interest in the Home and Larry's is based on his status as Barbara's spouse.

## ORDER

For the reasons stated in its Memorandum Opinion on the Trustee's Objection to Homestead Exemptions of even date, the Trustee's objection to the Millers' homestead exemptions are overruled. Both Larry Miller and Barbara Miller are entitled to a homestead exemption of $7,500.00 each in the life estate of their home. Each party shall bear its own costs.

---

2. Until January 1, 1992, the title of this little known Act was the Rights of Married Women Act.

3. Although not cited by the Trustee, the decision in *In re Owen*, 74 B.R. 697 (C.D.Ill.1987), is of no avail to him. The court in *Owen* did not distinguish or discuss *Reuter* nor did it consider the Rights of Married Persons Act or the Release of Homestead statute.