**In re Scott A. HARTMAN and Tamara L. Hartman, Debtors.**

**Bankruptcy No. 96–83249.**

United States Bankruptcy Court,
C.D. Illinois.

Aug. 20, 1997.

Gary T. Rafool, Peoria, IL, Chapter 7 Trustee.

James S. Brannon, Peoria, IL, for debtors.

**OPINION**

WILLIAM V. ALTENBERGER, Chief Judge.

Before the Court is the Chapter 7 Trustee's objection to the Debtors' claim of homestead exemption.

Prior to her marriage to Scott Hartman, Tamara Hartman purchased a home which she mortgaged. When she married Scott Hartman, he signed the mortgage note. From the time of their marriage, payments on the mortgage note were made from a joint checking account. For a time before and after their child was born, the sole source of the mortgage payments was the earnings of Scott Hartman. The terms of the mortgage note required that the mortgage debt be rewritten in November, 1997, and the Debtors planned to put title to the house in both their names at that time.

On October 24, 1996, the Debtors filed a Chapter 7 petition in bankruptcy. Title to the home remained solely in Tamara Hartman's name. The Debtors each claimed a $7,500.00 homestead exemption. The Trustee objected to the homestead exemption claimed by Scott Hartman, asserting that only Tamara Hartman was entitled to claim a homestead exemption of $7,500.00. A hearing was held and the parties stipulated to the facts and submitted briefs. Both sides have cited Illinois bankruptcy court decisions in support of their positions.

At issue in this case is the interpretation of the Illinois statute governing homestead exemptions, which provides, in relevant part:

> Every individual is entitled to an estate of homestead to the extent in value of $7,500 of his or her interest in a farm or lot of land and buildings thereon, a condominium, or personal property, owned or rightly possessed by lease or otherwise and occupied by him or her as a residence. . . .

735 ILCS 5/12–901.

The statute has two requirements. Taken in reverse order, the first is that the property must be occupied by the party claiming the exemption. In the case before this Court, Mr. Hartman was doing so. The second is that the party claiming the exemption must either "own" or "rightly possess by lease or otherwise" the property. In the case before this Court, as Mr. Hartman has

no title to the property he cannot be said to be an owner, nor was a lease involved. The issue is whether he otherwise rightly possessed the property, within the meaning of the statute, which would entitle him to claim an exemption.

The Debtors rely principally upon *Matter of Reuter,* 56 B.R. 39 (Bkrtcy.N.D.Ill.1985). In that case, the bankruptcy court held that the spouse of a titled owner of the marital residence was also entitled to claim a homestead exemption. Reaching this conclusion, the bankruptcy court stated:

> Illinois courts have consistently interpreted the phrase, "owned or rightly possessed by lease or otherwise", to mean that the debtor had to possess title or some ownership interest in the property. *Sterling Savings and Loan Association v. Schultz,* 71 Ill.App.2d 94, 111–13, 218 N.E.2d 53, 62–63 (1966); *DeMartini v. DeMartini,* 385 Ill. 128, 136, 52 N.E.2d 138, 142 (1944). One must have some right in the property for a homestead exemption. *See Rice v. United Mercantile Agencies,* 395 Ill. 512, 515, 70 N.E.2d 618, 620 (1947). The Illinois Supreme Court has determined that the right in the property may be acquired through marriage by stating:

> > [T]he title must be either in the owner of the homestead right, or in one who sustains or has sustained some special relation to such owner, . . . . The relations here alluded to are, of course, that of husband and wife and parent and child. With respect to the former, it is unimportant whether the title to the homestead premises is in the husband or in the wife. Whether in the one or the other, the holder of the title cannot wrongfully deprive the other of the enjoyment of the homestead premises.

*Rendleman v. Rendleman,* 118 Ill. 257, 264, 8 N.E. 773, 776 (1886).

The Illinois Homestead exemption provision (*Ill.Rev.Stat.* ch. 110, § 12–901), when read in conjunction with the Rights of Married Women Act (*Ill.Rev.Stat.* ch. 40, § 1016) and the Release of Homestead Act

(*Ill.Rev.Stat.* ch 30, § 26), provides a spouse the right to claim an exemption for the marital home without having legal title. The Rights of Married Women Act provides in pertinent part:

> *Neither the husband nor wife can remove the other* or their children from their homestead without the consent of the other, *unless the owner of the property shall, in good faith, provide another homestead suitable to the condition in life of the family;* . . .

*Ill.Rev.Stat.* ch. 40, § 1016 (1984) (emphasis added). A spouse, by his or her marriage and residence in a homestead, acquires a right to occupy the homestead. The other spouse is unable to unilaterally alienate that right. Historical and Practice Notes to *Ill.Ann.Stat.* ch. 40, § 1016 (Smith–Hurd 1984).

In addition, the Release of Homestead Act provides:

> No deed or other instrument shall be construed as releasing or waiving the right of homestead, unless the same shall contain a clause expressly releasing or waiving such right. And no release or waiver of the right of homestead by the husband or wife shall bind the other spouse unless such other spouse joins in such release or waiver.

*Ill.Rev. Stat.* ch. 30, § 26 (1984).

It is clear that for the duration of Mr. and Mrs. Reuter's marriage, Mrs. Reuter would be unable to sell the house without complying with the quoted provisions of the Rights of Married Women Act and the Release of Homestead Act. Therefore, Mr. Reuter has a homestead right in this marital residence without any title to the Property.

The Illinois legislature's strict preservation of the homestead right as evidenced by the foregoing statutes buttresses the court's conclusion that the "otherwise" in the term "owned or rightly possessed by lease or otherwise" in the provision of the homestead exemption statute is Mr. Reuter's right to occupy the homestead by his marriage to Mrs. Reuter.

Marriage grants additional privileges to Mr. Reuter. For the duration of their marriage, Mr. Reuter has a non-vested future interest in the residence. If Mrs. Reuter were to predecease him and die intestate while they were still married, he would have an interest in one half of her estate including the Property. *See Ill.Rev. Stat. ch.* 110½, § 2–1(a) (1984). If Mrs. Reuter died testate and Mr. Reuter renounced her will, he would again have an interest in one third of her estate, including the Property. *See Ill.Rev.Stat. ch.* 110½, § 2–8(a) (1984).

This court's reading of the statute is consistent with the intent of the Illinois legislature to expand the Illinois exemptions. *See In re Marriage of Logston,* 103 Ill.2d 266, 280–81, 82 Ill.Dec. 633, 635, 638–39, 469 N.E.2d 167, 169, 172–75 (1984); Comment, *Bankruptcy Exemptions: Whether Illinois' Use of the Federal "Opt–Out" Provisions is Constitutional,* 1981 S.Ill.U.L.J.65, 69 (1981). The goal of the homestead exemption is to shelter the family and allow the debtor a chance to regain his footing. *Dixon v. Moller,* 42 Ill.App.3d 688, 691, 1 Ill.Dec. 411, 415, 356 N.E.2d 599, 603 (1976). The spirit of the Illinois Exemption statutes should not be frustrated because Harold Reuter does not have any title to the Property. *See In re Farnik,* 17 B.R. 856, 858 (Bkrtcy.N.D.Ill.1982).

In *In re Miller,* 174 B.R. 279 (Bkrtcy.N.D.Ill. 1994), decided by the same bankruptcy judge, the court reaffirmed its earlier ruling in *Reuter,* limiting the special right to claim a homestead exemption in property, where one does not have a titled interest, to spouses.

The Trustee relies upon a contrary result reached by fellow Central District of Illinois Bankruptcy Judge Lessen in *In re Owen,* 74 B.R. 697 (Bkrtcy.C.D.Ill.1987). Holding that the debtor was not entitled to a homestead exemption in the residence solely owned by his co-debtor wife, the court stated:

> The statute clearly establishes that homestead is an estate, and that the individual

entitled to the estate must either own the property to which the estate attaches, or rightly possess the property by lease or otherwise. Either ownership or possession through a lease gives an individual an estate in the property. Here, Roger Owen has no ownership interest or leasehold interest in the property to which the estate may attach. His sole claim to entitlement of a $7,500 homestead exemption is that he lived in the home with his wife, who was the sole titleholder.

In *Jones v. Kilfether*, 12 Ill.App.2d 390, 139 N.E.2d 801 (1956), a husband who lived with his wife claimed a homestead right in premises owned by his wife and her brother as tenants in common, based upon his mere occupancy of the premises. The court held:

> [S]ince, under the rule heretofore enunciated, the right of homestead can have no separate existence independently of the title which constitutes one of its essential elements and from which it is inseparable, he has no right of homestead....

*Id.* at 396, 397, 139 N.E.2d 801. Similarly, in *Sterling Savings & Loan Association v. Schultz*, 71 Ill.App.2d 94, 218 N.E.2d 53 (1966) the court stated:

> The right of homestead being by our present statute enlarged into an estate, it follows that like all other estates, it can have no separate existence apart from the title on which it depends. We have held that the estate of homestead created by the statute is based upon the title of the householder, and can have no separate existence independently of the title, which constitutes one of its essential elements, and from which it is inseparable.

*Id.* at 112, 218 N.E.2d 53, citing *DeMartini v. DeMartini*, 385 Ill. 128, 52 N.E.2d 138 (1944). Since Roger Owen had no title, he has no homestead under the Illinois exemption statute.

The Debtors cite *Willard v. Northwest National Bank of Chicago*, 137 Ill.App.3d 255, 92 Ill.Dec. 92, 484 N.E.2d 823 (1985) for the proposition that an untitled spouse does have a homestead interest. In *Willard,* the husband, sole titleholder of the residence where he and his wife lived, conveyed his residence into a land trust and assigned his beneficial interest as security for a loan. His wife signed none of the documents involved. He defaulted on the loan and the property was sold. The court found that the wife did have a homestead "right", stating:

> While it is probably true that William is the "householder" to whom the estate runs (citations omitted) it does not follow that Pauline had no right. The Homestead Exemption benefits not just the householder, but the family, and affords the householder's spouse a veto-like power where alienation or encumbrance of the homestead are concerned.

*Id.* 71 Ill.App.2d at 97, 218 N.E.2d 53. However, while the wife in *Willard* had a right to be protected where the husband conveyed his homestead without her consent, nothing in the case indicates she was entitled to receive a separate homestead exemption. Rather, the court states, "it appears that the conveyance into trust was ineffective to transfer the Willards' homestead interest...." The language is singular, indicating only one homestead interest existed, based upon the husband's title. The wife merely has a right to keep the husband from conveying away both his property and his homestead interest without her consent. She has a right to the benefit of the exemption owned by the husband for the family's protection. The court found that the husband and wife might be entitled to a setoff for the amount of the exemption, or possibly a declaration that the sale was void. But, there is no indication there would be two separate $7,500 exemptions. Rather, the court's language leads to the conclusion there is only one interest, for the benefit of the family, that the titled spouse cannot convey without the other spouse's consent.

For the foregoing reasons, the Court concludes that the number of exemptions

available is to be determined by the number of individuals in title who qualify for the homestead estate. . . .

See also In re Donnelly, (unpublished Case No. 95 B 50476, Bkrtcy.N.D.Ill. September 13, 1996.)

This Court begins its analysis of the issue by first noting that reliance upon early Illinois cases interpreting the homestead exemption must be circumspect. Prior to its amendment in 1982, the Illinois exemption statute provided a single exemption for "every householder having a family". Under the current provision, found in § 12–901 of the Code of Civil Procedure, both a husband and a wife are permitted to claim an exemption. 735 ILCS 5/12–901. However, other sections of the statute dealing with the homestead exemption were not amended and difficult questions of construction have arisen.

In *First National Bank of Moline v. Mohr*, 162 Ill.App.3d 584, 114 Ill.Dec. 85, 515 N.E.2d 1356 (3d Dist.1987), an early case interpreting the 1982 amendment to § 12–901 of the Code of Civil Procedure, in holding that both titled husband and wife were entitled to a $7,500.00 homestead exemption, the court noted the inconsistencies in the act created by the amendment to § 12–901, and Justice Heiple, in a concurring opinion, stated:

> The statute provides that every individual is entitled to an estate of homestead of $7,500, in property, owned or rightly possessed by lease or otherwise. The effect of this statute is to permit an unlimited number of homestead estates in a single piece of property. Thus, a family unit consisting of a husband and wife with eight children could conceivably claim a $75,000 homestead in the residence occupied by the family. Moreover, no kinship appears to be required. A commune of hippies might claim the same right. Palatable or not, that is what the law allows.
>
> That the legislature fully considered the implications of their change in the law is doubtful. It is not, however, a function of the courts to rewrite the statute. It is a statute, however, which the legislature may want to reconsider and of which, in the meantime, creditors must beware.

After careful consideration of the divergent and conflicting views expressed in *Reuter* and *Owen*, this Court has decided to follow Judge Lessen's decision in *Owen*. It is a fundamental tenet of the law of exemptions that the debtor must have an ownership interest in the property before an exemption may be claimed. *In re Ferguson*, 15 B.R. 439 (Bkrtcy.D.Colo.1981); *In re Cunningham*, 5 B.R. 709 (Bkrtcy.D.Mass.1980). A long line of Illinois cases has required that a debtor have title or some ownership interest in property in order to claim a homestead exemption. *Owen, supra; In re Morris*, 115 B.R. 626 (Bkrtcy.S.D.Ill.1990). Other courts deciding the issue under the federal exemption scheme have held that the key word is "interest" and that an interest in real property up to a specified amount implies a monetary interest more than just one spouse's right to reside with the other. *Matter of Freund*, 32 B.R. 622 (Bkrtcy.W.D.Wisc.1983).

The court in *Reuter* strongly relies on *Rendleman v. Rendleman*, 118 Ill. 257, 264, 8 N.E. 773, 776 (1886). The difficulty with relying on *Rendleman* is that it is a case decided over 100 years ago interpreting a homestead statute which has subsequently been amended and the result is based on the right of dower in a deserted spouse, which right of dower has subsequently been abolished in the State of Illinois. Therefore, this Court does not interpret *Rendleman* as dictating a contrary result.

*Rendleman* was decided under the predecessor statute which provided that a "householder" was entitled to claim the exemption. In that case, the husband secretly sold his home to his brother and headed west, deserting his wife. The husband later obtained a divorce on the ground of adultery and the wife was awarded $575.00 "in full of all claims, rights of dower, or otherwise in [all] property" of the husband. The husband's brother brought an action of ejectment against the wife. The wife asserted the de-

fenses of homestead and dower. The court affirmed the trial court's entry of judgment in the brother's favor. Addressing the issue of homestead, the court held that when the husband deserted the wife she became the head of the family and entitled to claim a right of homestead. In so holding, the court stated:

This right of homestead is expressly declared by the legislature to be an estate in the lot of ground and buildings to which the right attaches. Like all other estates, it must be supported by a title. This title may be in fee, for life, or even for years, in the case of an extended term. In all cases the title must be either in the owner of the homestead right, or in one who sustains or has sustained some special relation to such owner, or in the asignee (sic) of one sustaining or having sustained such special relation to the owner. The relations here alluded to are, of course, that of husband and wife and parent and child. With respect to the former it is unimportant whether the title to the homestead premises is in the husband or in the wife. Whether in the one or the other, the holder of the title cannot wrongfully deprive the other of the enjoyment of the homestead premises. Thus it is expressly provided by the second section of the act relating to exemptions that, 'in case the husband or wife shall desert his or her family, the exemption shall continue in favor of the one occupying the premises as a residence.'

The court found the outcome of the case to be governed by a provision of the Dower Act, which it set forth as:

If any husband or wife is divorced for the fault or misconduct of the other, except where the marriage was void from the beginning, he or she shall not thereby lose dower, nor the benefit of any such jointure; but, if such divorce shall be for his or her own fault or misconduct, such dower or jointure, and any estate granted by the laws of this state, in the real or personal estate of the other, shall be forfeited.

118 Ill. at 263, 8 N.E. at 775. The court concluded that the wife's homestead right, acquired by reason of the husband's desertion, was forfeited upon dissolution of the marriage on the grounds of her adultery.

Thus, the non-owner wife in *Rendleman* was not given an independent right to claim a separate homestead exemption by reason of the marriage relationship, but rather succeeded to that right under the specific statutory homestead provision involving desertion that remains on the books today in § 12–902 of the Code of Civil Procedure. The court's comments, set forth above, and relied upon by the court in *Reuter*, are, in this Court's view, explanatory of the rights afforded to a deserted spouse or children rather than creating a separate, independent right of homestead in them.

The court in *Reuter* also relies on the Rights of Married Women Act and the Release of Homestead Act to provide the basis for a nontitled spouse to claim an interest protected by the Homestead Act. The Rights of Married Women Act does not create an absolute right in a particular piece of property. A spouse can defeat a claim of homestead in an existing piece of property if another homestead is provided. As to the Release of Homestead Act, it does not create a right of homestead. It merely provides that if it exists, one spouse cannot release it for the other spouse. These statutory provisions are intended to limit the rights as between spouses and not to improve the rights of a nontitled spouse vis-a-vis third party creditors.

While it is difficult to quarrel with the basic fairness of the result reached by the court in *Reuter*, that result was reached by improperly relying on outdated authority and misconstruing the effect of several state statutes.

This Court's result is supported by action taken by the Illinois Legislature in 1994, apparently in response to Judge Heiple's concurring opinion in *First National Bank of Moline v. Mohr, supra.* In that year, § 12–901 of the Code of Civil Procedure was amended by adding the following sentence:

If 2 or more individuals own property that is exempt as a homestead, the value of the exemption of each individual may not exceed his or her proportionate share of $15,000 based upon percentage of ownership.

The scant legislative history provides as follows:

Hoffman: ... In addition, [House Bill 282] has a provision which has been put forward by the Community Bankers Organization regarding homestead exemption and clarifying language, clarifying it that we have only 75 ... or that ... clarifying that there is a limit of $15,000 for the homestead exemption regardless of the number of owners within the house. That is a clarification made necessary because of a recent court decision....

Hoffman: "The provisions specifically provides that if two or more persons own property that is exempt as a homestead, the value of each personal exemption may not exceed his or her proportionate share of $15,000 based on the percentage of ownership. For instance, you and your wife own, with regard to the homestead exemption, own property, you would go in and sign up for $7,500 apiece. If you, your wife and your wife's sister lived with you and was ownership, you couldn't get $7,500 apiece. You would get $15,000 total. That's the intent of the original law but what has happened is, is there were some ... there was a court case, a recent court case, that specifically said that they ... that it was believed that the Legislature had to clear that provision up. So what it says, is that's $15,000 per household."

Wennlund: "Does this in any way reduce the amount of the homestead exemption that has existed prior to this date?"

Hoffman: "No, not at all."

88th Ill. Gen. Assem., House Proceedings (November 30, 1994). Both the amendment, adopted after all the cited judicial decisions, and the legislative history indicate ownership is a requirement to claim a homestead exemption.

To hold to the contrary would lead to another interpretation problem with an absurd result. The 1994 valuation amendment added to § 12–901 of the Civil Code of Procedure is based on ownership. If two or more individuals have an ownership interest the amendment would apply. If only one has an ownership interest, it would not. There is nothing in the legislative history to indicate, nor can this Court think of any reason that, the Illinois legislature intended such a result.

Therefore, notwithstanding the liberal construction to be given exemption laws, for the reasons stated, this Court holds that the Trustee's objection to the claim of homestead exemption by Scott Hartman must be sustained.

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.