In the

# United States Court of Appeals

## For the Seventh Circuit

No. 07-2174

IN RE:

KATHERINE A. BELCHER and KEITH A. BELCHER,

*Debtors-Appellees.*

APPEAL OF:

DONALD M. SAMSON,

*Trustee.*

Appeal from the United States District Court
for the Southern District of Illinois.
No. 06 C 980—**G. Patrick Murphy**, *Judge.*

ARGUED FEBRUARY 26, 2008—DECIDED DECEMBER 31, 2008

Before KANNE, SYKES, and TINDER, *Circuit Judges*.

SYKES, *Circuit Judge*. Keith and Katherine Belcher filed for bankruptcy protection in October 2005. After the trustee sold their home to satisfy their debts, both claimed a homestead exemption under 735 Ill. Comp. Stat. 5/12-901. The trustee objected to Keith Belcher's claim, arguing that Keith could not claim the exemption because his name was not on the title to the Belchers' home. The

bankruptcy and district courts determined otherwise. The trustee now appeals the district court's determination that Keith Belcher may claim a homestead exemption by virtue of a possessory interest in the family home that he acquired through his marriage to Katherine.

We reverse. Illinois caselaw has consistently required a party to have a formalized property interest to claim a homestead exemption. Because Keith is not on the title and does not have any other formalized interest in the property, he cannot claim the homestead exemption.

## I. Background

After Keith and Katherine Belcher married, they purchased a house and were both titled on the property. The Belchers divorced, and Keith quit-claimed his interest in the house to Katherine, who became the sole title-holder. The Belchers reconciled and subsequently remarried, but title to the residence remained solely in Katherine's name. During the couple's first and second marriages, Keith lived in the home and contributed to its upkeep and maintenance. He also put many of the utilities and the homeowner's insurance in his name, and the couple used marital income to pay the mortgage. But Keith was neither placed back on the title to the home nor made liable for payment of the mortgage.

In October 2005, during their second marriage—when title to the residence was only in Katherine's name—the Belchers filed for bankruptcy protection under Chapter 7. The Belchers' home was sold to satisfy their debts, and

Keith and Katherine each claimed a $7,500 homestead exemption under 735 Ill. Comp. Stat. 5/12-901. That statute, as it existed when the Belchers filed for bankruptcy, provided in relevant part:

> Every individual is entitled to an estate of homestead to the extent in value of $7,500 of his or her interest in a farm or lot of land and buildings thereon, a condominium, or personal property, owned or rightly possessed by lease or otherwise and occupied by him or her as a residence, or in a cooperative that owns property that the individual uses as a residence. That homestead and all right in and title to that homestead is exempt from attachment, judgment, levy, or judgment sale for the payment of his or her debts or other purposes . . . . This Section is not applicable between joint tenants or tenants in common but it is applicable as to any creditors of those persons. If 2 or more individuals own property that is exempt as a homestead, the value of the exemption of each individual may not exceed his or her proportionate share of $15,000 based upon percentage of ownership.

735 ILL. COMP. STAT. 5/12-901, *amended by* Act of July 21, 2005, Pub. Act No. 94-293, § 5, 2005 Ill. Laws 2613.[1] While Katherine received a $7,500 homestead exemption after

---

[1] The amendment, which took effect in 2006, increased the exemption amount and allowed each spouse to claim a homestead exemption of up to $15,000. *See* 735 ILL. COMP. STAT. 5/12-901.

the home was sold, the trustee objected to Keith's claim that he, too, was entitled to an exemption. The trustee argued that because Keith was not listed on the home's title when the bankruptcy petition was filed, Keith had not "owned or rightly possessed [the home] by lease or otherwise" within the meaning of the Illinois statute.

This issue has divided the lower federal courts in our circuit. Some bankruptcy courts have concluded that spouses could claim a homestead exemption even if they were not listed on the title to the home. *E.g.*, *In re Miller*, 174 B.R. 279 (Bankr. N.D. Ill. 1994); *In re Silverman*, 98 B.R. 415 (Bankr. C.D. Ill. 1988); *In re Reuter*, 56 B.R. 39 (Bankr. N.D. Ill. 1985). Others have reached the opposite conclusion by drawing on language from older Illinois caselaw they thought required a spouse to have a titled interest to obtain the exemption. *E.g.*, *In re Popa*, 218 B.R. 420 (Bankr. N.D. Ill. 1998); *In re Hartman*, 211 B.R. 899 (Bankr. C.D. Ill. 1997); *In re Owen*, 74 B.R. 697 (Bankr. C.D. Ill. 1987). The only district court prior to this case to address this issue sided with those bankruptcy judges who held that the homestead exemption did not apply unless the spouse's name appeared on the title. *Popa v. Peterson*, 238 B.R. 395 (N.D. Ill. 1999).

Although the bankruptcy judge in this case identified these conflicting approaches, he essentially resolved the issue on prudential grounds. The judge noted that an earlier bankruptcy court sitting in the Southern District of Illinois had rejected the idea (albeit in a somewhat different factual context) that record title was necessary to claim the homestead exemption. *See In re Morris*, 115 B.R.

626 (Bankr. S.D. Ill. 1990). To achieve a consistent and predictable rule in the Southern District of Illinois, the judge likewise held that a spouse who did not have title to a home could nevertheless claim the homestead exemption.

The district court affirmed the ruling of the bankruptcy judge, although on slightly different grounds. The district court first concluded that Keith had a possessory interest in the family residence by virtue of his marriage to Katherine. The district court then concluded that the statutory phrase "owned or *rightly possessed* by lease or *otherwise*" included Keith's nontitled interest and allowed him to claim the homestead exemption. Accordingly, the district court permitted Keith to claim the homestead exemption even though his name was not on the title of the home. This appeal by the trustee followed.

## II. Analysis

When this bankruptcy proceeding began, Illinois law permitted individuals to protect up to $7,500 from creditors if they had an "estate of homestead." 735 ILL. COMP. STAT. 5/12-901 (2005), *amended by* Act of July 21, 2005, Pub. Act No. 94-293, § 5, 2005 Ill. Laws 2613. The homestead exemption is designed to "provide the debtor with the necessary shelter or the means to acquire shelter required for his welfare during difficult economic circumstances*." Bank of Illmo v. Simmons*, 492 N.E.2d 207, 211 (Ill. App. Ct. 1986). As defined by section 5/12-901, an "estate of homestead" refers to an individual's "interest in" property "owned or rightly possessed by lease or other-

wise" and "occupied . . . as a residence." The primary issue on appeal is whether a debtor-spouse may claim a homestead exemption under section 5/12-901 when, at the time of the bankruptcy filing, the spouse has no formalized property interest in the home.

We begin by describing Keith Belcher's interest in the family home at the time he and Katherine filed for bankruptcy. Under Illinois' divorce laws, a nontitled spouse has a potential equitable interest in the marital home upon divorce despite not being listed on the title. *See* 750 ILL. COMP. STAT. 5/503(b)(1); *In re Marriage of Marriott*, 636 N.E.2d 1141, 1147 (Ill. App. Ct. 1994) (finding that title is one of several factors to be considered in determining a nontitled spouse's ownership interest in family home during divorce proceedings). The Illinois Probate Code also allows a surviving spouse to claim an equitable interest in the family home when the titled spouse dies regardless of whether the property was ever titled in the surviving spouse's name. *See* 755 ILL. COMP. STAT. 5/2-1 (intestate share of surviving spouse); *id.* 5/2-8 (statutory share of surviving spouse if will renounced); *Estate of Webster*, 574 N.E.2d 245, 251 (Ill. Ct. App. 1991). Because Keith and Katherine Belcher were still married and alive at the time they filed the petition for bankruptcy, neither of the situations required to trigger Keith's equitable interest under these statutes was present.[2]

The Belchers claim that Keith's *future* or *potential* equitable interest is enough for Keith to claim that he "owned or

---

[2] During the pendency of this appeal, the Belchers divorced a second time.

rightly possessed by lease or otherwise" the Belchers' home. They suggest that the use of the word "otherwise" in the homestead exemption indicates that Illinois residents in Keith's position are permitted to claim the exemption. The trustee disagrees, claiming that section 5/12-901 allows only those with formal interests in a home to claim the homestead exemption. In the trustee's view, the word "otherwise" permits those with formalized possessory property interests other than outright ownership or leases, such as a life estate, to claim the exemption. *See also Rice v. United Mercantile Agencies of Louisville, Ky.*, 70 N.E.2d 618, 620 (Ill. 1947) ("[I]t is not necessary that the householder have a fee title upon which to predicate his homestead estate.").

The trustee's interpretation has better support from the Illinois cases applying the exemption. Illinois courts have previously suggested that a titled interest is required to sustain a homestead estate. *See, e.g.*, *De Martini v. De Martini*, 52 N.E.2d 138, 142 (Ill. 1943) ("The right of homestead being by our present statute enlarged into an estate, it follows that like all other estates, it can have no separate existence apart from the title on which it depends."); *First Nat'l Bank & Trust Co. v. Sandifer*, 258 N.E.2d 35, 37 (Ill. App. Ct. 1970) (stating that "[s]ome title, no matter what its extent, is also necessary" to claim a homestead exemption). For example, in *Sterling Savings & Loan Ass'n v. Schultz*, 218 N.E.2d 53 (Ill. App. Ct. 1966), a woman tried to claim a homestead estate based on land she possessed as a beneficiary of a land trust. The Illinois appellate court noted that the trust agreement denied her "any right, title or interest in or to any portion of said

real estate as such, either legal or equitable." *Id.* at 63. The court denied the woman's request for a homestead exemption, holding that "some title, no matter what its extent, is necessary to sustain a homestead estate." *Id.* at 62. Similarly, in *Jones v. Kilfether*, 139 N.E.2d 801 (Ill. App. Ct. 1956), a husband claimed the right to eject a houseguest from the family home, arguing that his mere occupancy of property fully titled to his wife gave him a homestead estate. The court rejected the premise of his claim, declaring that because "the right of homestead can have no separate existence independently of the title which constitutes one of its essential elements and from which it is inseparable, he has no right of homestead and therefore no right to possession of the property on that basis." *Id.* at 804.

Admittedly, many of these cases turned on the definition of "householder" used in prior incarnations of the homestead-exemption statute that permitted only one spouse—the head of the household—to claim a homestead exemption.[3] A 1982 amendment replaced the term "householder" with "individual," thus allowing more than one person to claim the exemption. *See* The 1982 Revisory Act, Pub. Act No. 82-783, art. III, § 43, 1982 Ill. Laws 220; *First Nat'l Bank of Moline v. Mohr*, 515 N.E.2d

---

[3] At oral argument we suggested that the age of these cases might make this issue appropriate for certification to the Illinois Supreme Court. Following argument, however, the Belchers' counsel withdrew based on a conflict of interest, making certification impractical.

1356, 1358 (Ill. App. Ct. 1987) (explaining that the amendment sought to "liberalize" or "expand" the homestead exemption).

But later developments convince us that the 1982 expansion of the homestead exemption did not eliminate the requirement of a formalized property interest. In *Mohr*, the Illinois appellate court noted that the amendment made it possible for a husband and a wife to each claim a homestead exemption. A concurring judge believed that the 1982 amendment allowed an unlimited number of homestead estates to exist in a single property. *Mohr*, 515 N.E.2d at 1359 (Heiple, J., concurring). In the concurring judge's view, if a homestead estate was worth $7,500 and a 10-member family lived in the house, the family's homestead estate would equal $75,000. The Illinois General Assembly responded by amending the homestead-exemption statute in 1994, adding this sentence: "If 2 or more individuals *own* property that is exempt as a homestead, the value of the exemption of each individual may not exceed his or her proportionate share of $15,000 based upon percentage of *ownership*." Act of Dec. 14, 1994, Pub. Act No. 88-672, § 25, 1994 Ill. Laws 2649 (emphasis added). By using the words "own" and "ownership," the 1994 amendment establishes that something more than mere possession is required to claim the homestead exemption.

The only Illinois case we found that might support the Belchers' homestead-exemption claim is *Rendleman v. Rendleman*, 8 N.E. 773 (Ill. 1886). In *Rendleman*, the Illinois Supreme Court held that a wife whose husband had

deserted her acquired a homestead right. The court rea-
soned that "it is unimportant whether the title to the
homestead premises is in the husband or in the wife"
because "the holder of the title cannot wrongfully deprive
the other of the enjoyment of the homestead premises." *Id.*
at 776. We do not find *Rendleman* persuasive here; the
decision rested on a deserted spouse's right of dower,
and Illinois has subsequently abolished the right of
dower. *See Popa*, 238 B.R. at 401 n.4; *Hartman*, 211 B.R. at
903. In any event, this 122-year-old decision has little
bearing on whether the 1982 amendment liberalized
the exemption to such an extent as to include Keith's
claim. We cannot identify anything else to suggest that
the 1982 amendment authorizes a homestead exemption
in the absence of a formalized property interest.

The Belchers urge us to adopt the reasoning of the
bankruptcy court in *In re Reuter*, 56 B.R. 39. There, the
court held that the Rights of Married Persons Act and the
Release of Homestead Act[4] gave a nontitled spouse
who lived in the marital residence a property interest
sufficient to claim the homestead exemption. The Rights
of Married Persons Act (known as the Rights of Married
Women Act until 1992) provides: "Neither the husband
nor wife can remove the other or their children from
their homestead without the consent of the other, unless
the owner of the property shall, in good faith, provide
another homestead suitable to the condition in life of the

---

[4] The proper name of the act appears to be the Conveyances
Act.

family . . . ." 750 ILL. COMP. STAT. 65/16. The Release of
Homestead Act requires that a spouse's release or waiver
of homestead rights must be express; it provides:

> No deed or other instrument shall be construed as
> releasing or waiving the right of homestead, unless the
> same shall contain a clause expressly releasing or
> waiving such right. And no release or waiver of the
> right of homestead by the husband or wife shall bind
> the other spouse unless such other spouse joins in
> such release or waiver.

765 ILL. COMP. STAT. 5/27. The bankruptcy court in *Reuter*
concluded that the combination of these statutes with
the potential equitable interests of a nontitled spouse
under Illinois' divorce and probate laws create a home-
stead estate that allows a nontitled spouse to claim the
exemption.

We disagree with this reasoning. By requiring one
spouse to provide a homestead for another spouse, the
Rights of Married Persons Act only protects the right of
the nontitled spouse to have housing *somewhere.* Contrary
to what the Belchers suggest, the Act does not create a
property interest in the marital home because it does not
guarantee a possessory interest *in that property*. Even if
it did, that interest would simply be a right to occupy the
home, and Illinois courts have consistently held that
"something more than mere possession is required to
entitle a party to a homestead estate." *Schultz*, 218 N.E.2d
at 62. The Release of Homestead Act likewise has no
bearing on whether a homestead estate exists. The
Release of Homestead Act simply reinforces the rights
guaranteed in the Rights of Married Persons Act by

making it more difficult for one spouse to claim the other spouse waived his or her right to homestead accommodation; it does not inform the determination of what interest in property gives rise to a homestead exemption. Furthermore, homestead exemptions are designed to protect property from third-party creditors. Yet the Rights of Married Persons Act and the Release of Homestead Act address only the rights of a nontitled spouse vis-à-vis the titled spouse; they are silent regarding the rights of third-party creditors.

Our interpretation of the homestead exemption also avoids creating an anomalous result. If Keith individually declared bankruptcy, we doubt the family home could be part of Keith's bankruptcy estate under 11 U.S.C. § 541. Because only Katherine owns the home, Keith had no "legal or equitable" interest in the home when the bankruptcy petition was filed, *id.* § 541(a)(1), and we have found no case concluding that creditors could rely exclusively on Keith's *potential* interest in the property to reach the home in satisfaction of his debts, *see id.* § 541(a)(2)(B). Yet under the interpretation the Belchers propose, in a joint bankruptcy proceeding, Keith would be able to rely on this potential interest to protect some of the proceeds from the sale of the house from creditors. We think Illinois courts would resist creating this irreconcilable conflict.

We conclude Keith Belcher is not entitled to a homestead exemption under 735 Ill. Comp. Stat. 5/12-901. Accordingly, we REVERSE the judgment of the district court.